Staples, J.
This record presents but a single question for adjudication; and that is, whether a person placed in possession of land under an agreement for a purchase, but who is in default in the payment of the purchase money, is liable to be turned out of possession by ejectment, without previous demand or notice by the vendor.
This question has been very recently considered and-decided by the Supreme court of the United States in Burnett v. Caldwell, 9 Wall. U. S. R., 290. It was held in that case, that where the purchaser fails to comply with the terms of the contract under which he obtained possession the vendor may ti’eat the contract as rescinded, and regain the possession by ejectment, without previous demand or notice. It must not be forgotten, however, that this decision was placed avowedly, upon the ground that this was the law as established in Georgia, where the ease originated; and by that law the Supreme court felt itself controlled in adjudicating the rights of the parties. The rule recognized in Georgia has, no doubt, been adopted in other States. In England, however, a different doctrine has long been established; aud it has been there uniformly held, that the vendor having placed the ven *514 dee in possession, lie cannot, -without a demaud of the possession and a refusal by the vendee, or some wrongful act by him to determine such possession, treat the vendee as a wrong-doer and trespasser, as he must assume him to be in instituting an action of ejectment. Right v. Beard, 13 East’s R., 210; Newby v. Jackson, 1 Barn. & Cress., 448; Roe, ex dem., v. Street, 2 Ad. & El., 329.
This doctrine received the sanction of this court in Williamson, trustee, v. Paxton, 18 Gratt., 475-505. It is said, however, this precise point did not directly arise in the case; and the decision is not, therefore, a binding authority for this court. "W hetker it is or not, it is not important now to enquire; as we are all of opinion the rule there announced is a sound and just one and should be adhered to by the courts. A demand of possession before suit brought can rarely subject the vendor to any expense or inconvenience. To the purchaser, in many cases, it is an act of simple justice. If his failure to pay is the result of an inability to comply with his contract, he may prefer to surrender the possession without incurring the costs of an action. If it is the result of misapprehension or inadvertence, as is often the case, a reasonable demand or notification will in general insure an immediate compliance with the obligations of the contract.
This is the more important under our statutes, which permit the purchaser in possession under a writing stating the terms of the agreement to defend himself in a court of law by showing a payment or performance of what was contracted to be paid or performed. Justice and sound policy alike demand that he should not be ejected from the possession and compelled to resort to a court of equity without some notification on the part of the vendor of his purpose to rescind the contract, and *515 without some reasonable opportunity of completing the . f(1 i IS payment ot the purchase money.
Conceding that the purchaser is a mere Laving no interest in the estate recognizable at law, still his possession is lawful, because with the consent of the vendor; and he cannot be treated as a wrong-doer until Ms right is determined by the election of the vendor to revoke the license. What is a reasonable demand or notice does not appear to have been settled. The better rule would seem to be, to treat the purchaser who is in default as a quasi tenant at will, subject to the duties and entitled to all the privileges, so far as demand and notice •are concerned, applicable to that class of tenancies. 1 Lomax Digest, 189; 2 Smith Lead. Cases, 119; Taylor, Landlord and Tenant, sec. 25.
For these reasons I am of opinion the judgment of the Circuit court is correct and should be affirmed.
The other judges concurred in the opinion of Staples J.
Judgment affirmed.