Richmond.

PETTIT v. COWHERD.

MARCH 10th, 1887.

*Absent*—LEWIS, P.

1. PRACTICE AT COMMON LAW—*Appeal from County Court.*—On reversal or affirmance of judgment of county court the cause must be retained in circuit court and not remanded, except by consent, or for cause, which consent or cause must be stated in the remanding order. Code 1873, ch. 178, § 6. *Smith* v. *Hutchinson*, 78 Va. 683.

2. IDEM—*Unlawful Detainer—Notice—Case at Bar.*—C. purchases and receives possession, but no conveyance, of land from M., who, later, conveys same to P. The latter brings unlawful detainer against C. without notice to her to surrender it.

HELD:
> The action cannot be maintained. The notice is essential. *Twyman* v. *Hawley*, 24 Gratt. 512.

3. IDEM—*Statute of Limitation—Case at Bar.*—Where in unlawful detainer plaintiff fails to prove that defendant has not unlawfully held possession of the land for three years or more before the commencement of the action, he cannot recover. Code 1873, ch. 130, § 1.

Error to two judgments of circuit court of Fluvanna county, rendered April 15th, 1884, and April 15th, 1885, in an action of unlawful detainer brought by Samuel S. Pettit, trustee for Lucy A. Pettit, against Eliza Cowherd, upon error to two judgments which had been previously rendered in said action by the county court of said county, and re-

versing the said last named judgments which were in favor of the plaintiff therein. From the said judgments of the circuit court, on points contained in the record, Pettit obtained a writ of error and *supersedeas*. Opinion fully states the case.

*W. B. Pettit*, for the plaintiff in error.

*J. J. A. Powell*, for the defendant in error.

FAUNTLEROY, J., delivered the opinion of the court.

The two judgments of the circuit court brought under review were rendered, one on the fifteenth day of April, 1884, and the other on the fifteenth day of April, 1885, both in the same action, and involving but one issue, to-wit: the right of the possession of the lot of land in question. The record of the first trial shows that, when the cause was called for trial in the county court, upon the issue joined upon the plea of "not guilty," the whole matter of law and fact was submitted to the court, both parties having waived a jury, when the plaintiff, Samuel S. Pettit, trustee, introduced a deed, duly executed and acknowledged, for record, by which F. J. Mahoney and wife conveyed to him the fee-simple title to the lot of land described in the summons and in the said deed, and stated that, as defendant's counsel admitted that the defendant claimed the said lot in controversy under a *parol* contract for the purchase thereof from said Mahoney, under which contract the said defendant had taken possession, he, the plaintiff, would not introduce any further evidence, and rested his cause there. The defendant's counsel then offered to introduce the deposition of the defendant; to the introduction of which the plaintiff excepted, on the ground that the defendant had admitted that the alleged contract was not in

writing, and that *parol* evidence was not competent in this action, which said exception the court sustained, and excluded the said deposition. Thereupon the defendant moved the court to dismiss the action, because the plaintiff had not shown that the defendant, within three years from the date of the summons in this action, had held unlawful possession of the said lot, and that the plaintiff had not shown any demand or notice to the defendant for the possession of the said lot before the institution of the action; which said motions the court overruled, and the defendant excepted; whereupon the court gave judgment in favor of the plaintiff for the possession of the lot in controversy, with costs. To this judgment of the county court a writ of error and *supersedeas* was allowed by the circuit court; and, upon the trial of the appeal in the said circuit court, the judgment of the county court was reversed and annulled, and the cause remanded to the said county court for further proceedings, to be had therein according to the opinion of the circuit court reversing and annulling the same, and filed with the papers in the cause. By virtue of this remanding order of the circuit court, there was a second trial in the same cause, and of the same issue, in the county court, in which additional and material evidence was introduced by the plaintiff, and a verdict was rendered by a jury for the plaintiff; upon which verdict the said county court gave judgment for the plaintiff, after overruling a motion of the defendant to set the verdict aside and to dismiss the action. To this judgment there was a writ of error and *supersedeas* allowed by the circuit court; and, upon the trial of the appeal in the said circuit court, the said judgment of the county court was reversed and annulled by an order or judgment entered April 15, 1885, and the cause was retained in the said circuit court for further proceedings.

The writ of error and *supersedeas* awarded by one of the

judges of this court brings both of these aforesaid judgments of the circuit court under review for errors assigned in appellant's petition.  But the appellee insists that there was error in the judgment of the circuit court, rendered April 15, 1884, remanding the cause to the county court. By section 25, ch. 178, Code 1873, it is provided: "When any judgment, decree, or order of a county court is reversed or affirmed, the cause shall not be remanded to said court for further proceedings, but shall be retained in the circuit court, and there proceeded in, unless, by consent of parties, or for good cause shown, the appellate court direct otherwise."  The error is patent upon the face of the record.  It is not pretended or contended that either party to the action consented, or that any cause was shown or assigned by the court, for remanding the cause to the county court for further proceedings.  Both the remanding order, and the opinion of the court filed in the cause, show that it was simply remanded for further proceedings.

In *Smith* v. *Hutchinson*, 78 Va. (3 Hansb.) 683, Richardson, J., delivering the opinion of this court, said: "We do not decide that the circuit court should, where a cause is remanded for trial in the county court, spread in its order at large the character of the cause shown for so doing; for to do so would in many cases be inconvenient, and would unnecessarily cumber the record.  It is necessary and proper, however, that the judgment in all such cases show, either that it was done for good cause shown, or else by agreement of the parties."

It was the duty of the circuit court, under the statute as construed by this court in the case of *Smith* v. *Hutchinson*, *supra*, to have retained the case and decided it; and its order remanding it to the county court, as shown by the record, was illegal and void.  The county court, under this remanding order, was without jurisdiction to entertain and decide the cause, and all the proceedings in the said court,

upon the second trial, are *ultra vires*, and void, and the judgment of the circuit court, rendered April 15, 1885, in review of the proceedings and judgment of the county court upon the second trial, is erroneous; and both said judgments must be reversed and annulled.

The judgment of the circuit court rendered April 15, 1884, in so far as it remands the cause to the county court for further proceedings to be had therein, is erroneous, and for this error, and to this extent, the said judgment must be reversed and annulled; but we are of opinion that there is error in the judgment of the county court, and that the circuit court did not err in reversing the judgment of the county court, and ought to have rendered judgment for the appellee, defendant in the court below. The suit is an action of *unlawful detainer* for the *possession* of a lot of land in the possession of the defendant, Eliza Cowherd, who claims to have bought it from F. J. Mahoney, for an agreed price, and to have been put in possession *by him* many years ago, upon an agreement that, when he (Mahoney) could and should make her a proper deed for the lot, she would pay the purchase money; and it is shown by the plaintiff himself that she held uninterrupted possession for over ten years. The plaintiff failed to prove that she had not unlawfully held possession of the lot for three years or more previous to the institution of his action; and he offered no evidence of a demand or notice for possession before bringing his suit. She was in possession, and had been, for over ten years, under a claim of purchase from the owner and vendor of the plaintiff; and even though she claimed only under a parol agreement, she was entitled to notice or demand for possession before action brought, even by the vendor, Mahoney, himself; and the plaintiff could not hold or assert greater rights than his vendor, Mahoney, in whose shoes he stood. *Vide*

*Williamson* v. *Paxton*, 18 Gratt. 491, 505; *Twyman* v. *Howley*, 24 Gratt. 512.

In *Williamson* v. *Paxton, supra,* Moncure, P., says: "One who is put in possession upon an agreement for the purchase of land, cannot be ousted by ejectment, before his lawful possession is determined by demand of possession or otherwise; and the action of unlawful detainer stands on the same footing in this respect with the action of ejectment." It was incumbent on the plaintiff in the action to show, and it is essential to the nature of the action, that the defendant had not unlawfully held possession for three years or more before the date of his summons; and as to this there is no evidence in the record of the trial in the county court. We are of opinion that the county court erred in refusing to dismiss the action, and that the judgment of the circuit court reversing the judgment of the county court is correct, and the same must be affirmed.

JUDGMENT AFFIRMED.