# Richmond.

## VAN GUNDEN AND ALS. V. KANE.

### January 14th, 1892.

1. PRACTICE AT LAW—*Verdict—Continuance Judgment.*—Under Code, ⸹ 3124, providing that all cases on docket, not determined before term, shall stand continued without order of continuance ;

HELD:

It was in the power of the court at its July term to enter judgment *nunc pro tunc*, which it had omitted on the verdict at its April term.

2. IDEM—*Defendants not in possession.*—Where lessors are on their own motion in action of unlawful detainer substituted as defendants, and verdict is for plaintiff;

HELD:

No objection to judgment against them that they were not in possession, possession of the lessees being their own possession.

Argued at Wytheville. Decided at Richmond. Error to judgment of circuit court of Scott county, rendered November 26th, 1890, on appeal from the county court of said county, in an action of unlawful detainer, wherein J. P. Kane was plaintiff, and the plaintiffs in error, Christian Van Gunden, Edward T. Partridge, Frank Britton, and Charles A. Foster, were defendants.

*J. J. A. Powell* and *J. Allston Cabell,* for plaintiffs in error.

*T. R. Jackson,* for defendants in error.

FAUNTLEROY, J., delivered the opinion of the court.

It appears from the record that J. P. Kane, on the 15th day of Feburary, 1890, sued out of the clerk's office of the county court of Scott county, a writ of unlawful detainer against David R. Bishop, to recover the possession of a tract of land in Scott county, Virginia, described by metes and bounds and containing 500 acres more or less, upon which said tract of land he alleged in his said writ, the said David Bishop had unlawfully entered, and the possession of which he unlawfully detains and withholds from him the said J. P. Kane.

The said J. P. Kane claimed title to the said tract of land under a deed of fee simple, with general warranty from Robert M. Magee, dated August 15th, 1823, to Henry S. Kane, the grandfather of the said J. P. Kane, the said land having been alloted and assigned to the said J. P. Kane by commissioners of the circuit court of Scott county, in a suit for partition of the lands of Henry S. Kane, among his heirs at law, of whom the said J. P. Kane was one, and which partition and allotment was approved and confirmed by the said circuit court.

The said David R. Bishop claimed authority to enter upon the land in controversy, under a lease, for a term of two years, from the said Christian Van Gunden, Frank Britton, Edwin F. Partridge and Charles A. Foster, dated 19th of September, 1889, which lease describes the said premises by metes and bounds, and as being originally part of the lands granted to one Nathan Field by the commonwealth of Virginia, by pattent dated 29th January, 1796. The said Van Gunden, Britton, Partridge and Foster, claimed to have derived title to the leased premises by a deed dated 30th of April, 1888, made to them by J. Wyman Field in his own right, and as attorney in fact for sundry parties as heirs-at-law of Nathan Field, the patentee of the said land, as aforesaid. On the 12th day of March, 1890, the said Van Gunden, Britton, Partridge and Foster were, on their own motion, entered of record as defendants to the said action of unlawful detainer against the said David Bishop, in the said county court, in the place and stead of the said Bishop.

The cause was tried in the said county court by a jury who rendered a verdict 18th April, 1890, in these words: "We, the jury, find for the plaintiff, J. P. Kane, the possession of the land described in the within writ." Thereupon the defendant moved the court to set aside the said verdict, because the same was contrary to the law and the evidence; and the court, taking time to consider, until the 19th day of April, 1890, overruled the said motion, and entered a stay of the issuance of a writ of possession for sixty days, in order that the defendants might have time to apply to the circuit court for the writ of error and *supersedeas*. No judgment was entered on the verdict, and two regular terms of the county court passed, during which time plaintiffs in error proceeded to prepare their petition to the judge of the circuit court for a writ of error. Before the completion and presentation of this petition, the appellee, J. P. Kane, at the July term, 1890, applied to the county court to enter the judgment upon the verdict, *nunc pro tunc*, as from inadvertance, no judgment had been entered at the April term. Upon which motion the county court did, at the said July term, 1890, render and enter judgment upon the said verdict, "that it is therefore considered by the court, that the plaintiff recover against the defendants the possession of the land described in the writ, and his costs." Whereupon a writ of possession was granted to the plaintiff, with a stay for sixty days. To which said action of the county court the defendants excepted, and filed their several bills of exceptions. A writ of error to the judgment of the county court carried the case to the circuit court of Scott county, which, on the 20th day of November, 1890, affirmed the judgment of county court.

It was in the power of the county court at its July term to make the order and enter the judgment *nunc pro tunc*, which it had omitted to enter upon the verdict at its April term. It comes within the provisions or intendment of the 3124th section of the Code of 1887, as a cause on the docket. The county court did not err in entering the judgment at the July

term, 1890, in a cause not finally disposed of, and not off the docket at the April term, 1890; and the circuit court did not err in affirming the action of the county court.

The county court did not err in not setting the verdict aside as fatally defective and contrary to law; and the circuit court did not err in affirming the refusal of the county court to set it aside.

The appellants claiming to be the owners of the title to the land, by purchase from persons claiming to be heirs of the patentee, after a lapse of over ninety years, were substituted as defendants in the stead of the actual defendant and trespasser, Bishop, in a summary action of unlawful detainer, to protect and restore the mere actual possession, which had been unlawfully entered upon and wrested from the plaintiff, Kane, by the trespasser, Bishop. It is clearly proved in the record that Kane was, at the time of Bishop's entry, and had been for very many years, in the actual possession of the land in controversy, under a chain and claim of title; and though the appellants were substituted by entry upon the record in the county court as defendants in Bishop's stead, yet they, as defendants to this simple and summary proceeding for restitution of the possession of the land, must be held to be as Bishop or any stranger, trespassers unlawfully entering and withholding from Kane his right of possession. The jury so found, and our judgment is to affirm the judgment of the circuit court, which affirmed the judgment of the county court of Scott county.

JUDGMENT AFFIRMED.