## Richmond.

### THOMPSON V. CARPENTER.

January 28th, 1892.

1. CIRCUIT COURT—*Jurisdiction.*—A county court, upon the merits, refused to open a road. The circuit court reversed it in 1889, remanded the case, and gave costs. Afterwards, circuit court set aside its previous order, and later, in October, 1890, made an order reversing the county court's order, and directing the road to be opened;

HELD:

> The last order of the circuit court was erroneous, it being without jurisdiction over the case after its final order of 1889.

2. ERRORS—*Judgments by default—Correction.*—Code, § 3451 applies only to judgments by default and to decrees on bills taken for confessed, and to cases of mistake or misrecital or miscalculation, for which no appeal lies to this court.

Error to two orders of circuit court of Clarke county, rendered May 20th, 1889, and October 7th, 1890, respectively, in a road case wherein J. M. Carpenter and others were plaintiffs, and one Thompson and others were defendants. The judgment being adverse to the latter, they obtained a writ of error and *supersedeas*. Opinion states the case.

*Marshall McCormick* and *Conrad Kounslar*, for the plaintiffs in error.

*Samuel J. C. Moore*, for defendants in error.

LACY, J., delivered the opinion of the court.

The case is as follows : On the 9th day of September, 1879, J. N. Carpenter and others filed a petition in county court of Clarke county, asking that, in view of the prospective extension of the Shenandoah Valley railroad through the county, and the location of a railroad station at or near the Old Chapel, that the old road which was open many years on the line between the lands of Colonel William Byrd and Thomas D. Gold, of said county, be opened from a point on the line between the land of said Thomas D. Gold and Rev. J. R. Jones's corner to said Byrd, for the distance of about a quarter of a mile, giving an outlet into the road leading them into the Berryville and Millwood turnpike near L. Berlin's blacksmith-shop, giving them an outlet to the mill and blacksmith-shop, which they have only by courtesy.

Calling attention to a report made by commissioners appointed by the county court at the preceding August term to report thereon, at the November term following, viewers were appointed, as required by the statute, to make report of the cost, &c.

In August, 1880, another set of commissioners was appointed, the first set not acting for some reason, not appearing. The commissioners appointed August, 1880, reported at the September term following and stated the plans and details and the cost to be $225 for damages and the total cost, and this report was sworn to. The parties named as interested in the matter were summoned to appear at the next term and show cause, if any they could, against the opening of the said road.

At the August term, 1882, a supplemental report was made by the same viewers, and the cost stated at $780, and the parties named therein as interested were summoned to appear and show cause as before.

On the 13th day of November, 1882, following, an order was made directing that the said road be opened, and the damages stated in the report of the viewers aforesaid, were ordered to be paid according to the interest of the parties, and the case

retired from the docket, which, however, was reinstated. On the 14th day of October, 1884, the road never having been opened, an order was made for a rule to be made against the road commissioner to show cause why he should not be fined for contempt in failing to open the road as directed. On the 11th day of November, 1884, following, the said commissioner of roads appeared, and the rule against him was discharged, and the court ordered that the road board make levies to open this road.

In 1886 the road board came in to defend the matter of opening the road, and the case was continued to the January term, 1887. At this term the county court, for errors apparent on the face of the record, at the instance of these new defendants, set aside the order of November term, 1882, opening the road, and an appeal was allowed to the circuit court for said county, and on the 14th of December, 1887, an order was entered, by consent of parties, continuing the case to the March term, 1888. On the 14th day of September following, the case was called, but the witnesses who had been summoned not appearing to testify, a rule was made against the witnesses, and the case continued.

At the November term, 1888, following, the case was heard upon the evidence, as the order recites, and the court being of opinion not to open the road, dismissed the petition originally filed, and gave costs against the petitioners. An appeal was now taken to the circuit court, by petition, for writ of error and *supersedeas*, which was granted, and at the May term, 1889, the circuit court made an order reversing the county court, and remanding the case to the said county court for further proceedings to be had therein in the said county court, and the said order was suspended for thirty days.

.The order disposed of every question in the case, gave costs, and made an end of the case in the said circuit court. It was rendered on the 20th day of May, 1889. The writ of error in this case was awarded on the 3d day of May, 1891, and the

defendants in error insist that the appeal is barred, the period of limitation during which appeal or writ of error will lie to this court being one year.

But the plaintiffs in error show by the record that the circuit court, on the first day of October, 1889, following the final order therein of May 20, 1889, upon motion, set aside the said final order, upon the ground that it was erroneous, in so far as it had remanded the case to the county court, whereas the law required that the said case should be retained upon the docket of the circuit court, and there disposed of.

This the circuit court did, and, retaining the case, reversed the action of the county court refusing to open and establish this road; and, by order entered therein, ordered that the said road should be opened. And the case was brought here by writ of error, the last order in the circuit court having been entered on the 7th day of October, 1890.

The first question to be considered is whether the circuit court had any jurisdiction in the said case after the order of May 20, 1889, wherein every question raised in the case had been settled, and the case remanded to the county court for further proceedings to be had therein, costs given to the prevailing side, and the case had been removed from the circuit court into the county court, and the circuit court, completing its term, had adjourned. For, as we have seen, the circuit court did render an order setting aside its former final judgment for alleged errors therein (which error therein is conceded), and did subsequently dispose of the case upon its merits.

It is contended by the plaintiff in error that the authority for this action of the circuit court, sitting as an appellate court, to review its first judgment for error, is found in section 5 of chapter 177 of the Code of 1873, p. 1135—the chapter entitled "Of errors insufficient in an appellate court"—and in section 3451 of the Code of Virginia.

This statute provides for the case of a judgment by default or decree upon bill taken for confessed; and for a case of mis-

take or misrecital or miscalculation; and the next section—3452 of the Code—provides that no appeal, writ of error or *supersedeas* shall lie in such cases.

We cannot make this statute apply, (1) because it does not in terms include the error in question, and (2) because the error contained in the order of May 20, 1889, was such an error as this court will correct and reverse, as has often been decided here. *Smith* v. *Hutchinson*, 78 Va. 683; *Pettit* v. *Cowherd*, 83 Va. 20.

The error of the order of May 20, 1889, might have been reversed in this court, but the circuit court had no such jurisdiction, and its proceedings to that end are null, and the same must be reversed for that cause in this court; and coming now to consider the final order of May 20, 1889, the appeal must be dismissed as improvidently awarded, the effect of which is to remand the case to the county court to be there further proceeded in under the order of May 20, 1889, which, by reason of lapse of time, cannot now be corrected in any court.

JUDGMENT REVERSED.