# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## NORFOLK & WESTERN RAILROAD CO. v. RASNAKE.

### JULY 20th, 1893.

1. EASEMENTS—*Highways.*—No easement in land which has been established as a public road can be acquired by subsequent arbitration proceedings between the original owner and the mover of the proceedings to establish such road, to which the public is no party.

2. INJURY TO HIGHWAYS—*Suit for damages—Case at bar.*—On R.'s motion the county court established a public road through B.'s land. B. appealed. By consent the appeal was dismissed. The circuit court, at a later term, made an order referring the question of the road and damages to arbitration. The award was entered up, at a term still later, as the order of the circuit court. Afterwards a railway company injured the roadway, and R., claiming he had acquired an easement therein by virtue of said order, sued said company for damages for the injury.

HELD :

    (1) The dismission of the appeal ended the jurisdiction of the circuit court over the case. (2) The award entered as the judgment of that court, even had it had jurisdiction, could not confer on R. any right in the road, which was a public highway. (3) R. had no cause of action for the injury against the company.

Error to judgment of circuit court of Russell county in an action of trespass on the case, by E. L. Rasnake, to recover damages for an injury by the Norfolk and Western railroad company to a roadway in which the plaintiff claimed an easement. There was a judgment for the plaintiff, and the defendant brought the case to this court. Opinion states the case.

*Burns & Fuller*, for plaintiff in error.

*Routt & Stuart,* for defendant in error.

Hinton, J., delivered the opinion of the court.

This was an action of trespass on the case brought in the circuit court of Russell county by one E. L. Rasnake against the Norfolk and Western Railroad Company to recover damages for an alleged injury to a roadway of which the plaintiff avers that he was the owner.

The injury consists in a deep and dangerous cut made by the defendant company across said roadway in constructing its railroad.

Several exceptions were taken by the company during the trial; but as the case must turn, after all, in the opinion of the court, upon the inquiry whether the plaintiff had any such roadway or easement as he claims, we shall address ourselves at once to that question, omitting all reference to the other exceptions.

The plaintiff asserts that he acquired this easement by virtue of " the papers and records of the county and circuit courts of Russell county"; and the roadway, if any he has, it is admitted by both sides, was over land that formerly belonged to Joseph Breeding.

From the before mentioned " papers and records" it appears that on the motion of the said Rasnake an order was entered in the county court of Russell county on the 5th of August, 1884, appointing commissioners to view and locate a road beginning in the gap between the lands of Joseph Breeding and Fullen Astrip, &c., " and report to court the advantages and disadvantages, the conveniences and inconveniences, that would result to the public as well as to individuals, and whether any yards, gardens, or orchards would be taken, or springs injured, should such road be established, and report the damages claimed, if any, and by whom ; and to report to the next term of this court." The commissioners having returned

their report, which was excepted to by Breeding, on the 4th day of September, 1884, on the motion of Rasnake, an order was entered directing the land owners to be summoned to appear at October term, 1884, of said court, to show cause why the report should not be confirmed.

The land owners were summoned pursuant to the last-mentioned order, and at said October term Breeding moved the court to quash said report. The court having refused so to do, the case was then fully heard on the evidence and exceptions, and the court established the road as a gateway and fixed the damages to the land owners, to which Breeding again excepted, and moved the court for a writ of *ad quod damnum*, which was refused.

On the 13th day of October, 1884, an order was entered setting aside the last order, by agreement of parties, and the court entered an order establishing the road, and from this order Breeding appealed to the circuit court.

On the 10th day of November, 1884, an order was entered in the appeal case in the circuit court of Russell continuing the case.

On the 9th day of March, 1885, a second order was entered in the case, by the agreement of the parties, and the appeal was dismissed at the cost of the appellee, Rasnake.

Now, the manifest result of this dismissal of the appeal was to leave the last order of the county court, which established the road, and from which the parties had appealed, in full force and effect. *Thompson* v. *Carpenter*, 88 Va., 702. The road thus established was a public and not a private road. The mode in which this was done clearly shows this. It was laid out in the mode prescribed by chapter 43 of the Code 1887, and in the exercise of the sovereign power of eminent domain, a power which it is well understood can only be invoked or exercised where the property taken is taken for the public use. 6 Amer. & Eng. Ency. Law, 515.

Now, after the order of the 9th day of March, 1885, it would

seem, although there is some confusion in the date, the circuit court, although it plainly had no further jurisdiction of the road case, permitted an agreement to be filed whereby the said Rasnake and Breeding agreed to refer the question as to the road and damages for the same to arbitrators.

On the 7th day of July, 1885, the arbitrators filed their award, and on the 6th day of March, 1886, the award was entered up as the judgment of the court.

Now, without stopping to comment on the irregularity of such proceedings as these, it is perfectly apparent that they could not confer any right of way or easement upon Rasnake. As we have just seen, the road was a public road under the proceedings in the county court, and the public could not be deprived of its rights by any agreement of Rasnake and Breeding to submit their matter of dispute to arbitration, nor could a private easement be grafted upon a public road in a proceeding to which the public was a stranger.

It is not necessary to inquire whether a title to or an interest in real estate can be passed in this State by arbitration and award, it is enough that we can clearly see that Rasnake had no such easement as the one asserted, and therefore was not prejudiced in any legal sense by the action of the defendant company. The judgment of the circuit court of Russell county is therefore plainly erroneous, and must be reversed, and the plaintiff's suit must be dismissed.

Judgment reversed.