72

# Staunton.

## J. C. DAILY AND OTHERS v. D. C. RUCKER AND W. P. RUCKER.

September 20, 1928.

The opinion states the case.

*Nelson Sale* and *Landon Lowry*, for the plaintiffs in error.

*O. C. Rucker* and *S. S. Lambeth, Jr.*, for the defendants in error.

CAMPBELL, J., delivered the opinion of the court.

This is a writ of error to a judgment of the Circuit Court of Bedford county. The case in brief is as follows: On the sixth day of December, 1923, the defendants in error, plaintiffs in the court below, sued out their writ of unlawful detainer against J. C. Daily, Emily P. Daily and J. B. Hawkins, alleging therein that the defendants "are in possession and unlawfully withhold from the said plaintiffs certain premises, to-wit: A certain strip of land lying in the county of Bedford * * about one-half mile northwest from Moneta, adjoining on the east the lands of J. C. Daily and Emily Daily and more particularly described as follows: * * *."

On motion of the defendants the plaintiffs were required to file a bill of particulars, the same setting forth:

"1. Defendants moved fence so as to cut off access to water over a lane, which is within plaintiff's boundary.

"2. Irrespective of the descriptions contained in the old deeds, we contend that we have been in actual adverse possession of the land for more than the statutory period.

"3. We further contend that the line contended for by the defendants, is not the correct line, as disclosed by the deeds or record.

"4. We further contend that this action was instituted within a period of three years subsequent to the unlawful entry upon the premises by defendants."

The defendants filed their grounds of defense and issue was joined on the plea of not guilty. The jury failed to agree upon a verdict and were discharged.

On the 12th day of January, 1927, the defendants moved the court for permission to withdraw their plea of not guilty and to file their demurrer, which is as follows:

"And for the grounds of their said demurrer say that the action of unlawful entry or detainer is purely a statutory action, such action did not exist at common law, and it can only be maintained under the provisions of section 5445 of the Code of Virginia, which section specifically provides that such action must be brought within three years only of such forcible or unlawful entry or unlawful detainer."

The court overruled the motion of the defendants and upon its own motion, over defendant's objection, required the plaintiffs to amend their writ by inserting therein the following: "This summons was sued out and issued within three years after such forcible or unlawful entry."

A trial by jury was thereupon had, which resulted in a verdict for the plaintiffs, and upon which the court

entered the judgment complained of. The refusal of the court to permit the defendants to withdraw their plea of not guilty and file their demurrer is assigned as error.

In Burks' Pleading and Practice (2d ed.), page 330, it is said:

"No time is fixed at which a general demurrer must be filed. It must of course be filed before final judgment by default or before the case is heard and decided on the issues of fact. It would come too late after verdict. But it is provided by statute in Virginia that the defendant in any action may plead as many several matters, whether of law or fact, as he shall think necessary, thereby putting issues of law (which are raised by demurrer) on the same footing as issues of fact, and permitting demurrers to be filed whenever a plea in bar might be. Logically it would seem that issues of law should first be made up and decided, but under this statute a demurrer of a defendant to a plaintiff's declaration and pleas in bar are put on the same footing as to time of filing.

"Whether, after the issues have been made up, the defendant should at a subsequent term be permitted to demur or to add additional pleas would seem to rest in the sound discretion of the trial court. In an early case a defendant three years after he had pleaded was permitted to withdraw his plea and demur to the declaration and tender a new plea and the case was decided in his favor on the demurrer." Citing *Miller* v. *McLuer*, Gilmer (21 Va.) 338.

Section 6104 of the Code provides: "In any suit, action, motion or other proceeding hereafter instituted the court may at any time in furtherance of justice and upon such terms as it may deem just, permit any pleadings to be amended, or meterial supplemental

matter to be set forth in amended or supplemental pleadings. The court shall at every stage of the proceedings disregard any error or defect which does not affect the substantial rights of the parties," etc.

While conceding that it was the intention of the legislature in enacting section 6104 of the Code to compel litigants to try cases upon the merits and prevent resort to technicalities, it is contended that demurrer raised a jurisdictional question. The action of unlawful detainer is purely a statutory action and its only purpose is to permit by summary proceedings the recovery of real property which has not been withheld for a longer period than three years, and in no wise involves either the title of or damages to the property. 4 Minor's Inst., Pt. 1, page 42; Burks' Pl. & Pr. (2nd ed.), section 106.

To sustain the contention that the summons in an action of unlawful detainer should show on its face that the possession has not been withheld for a longer period than three years, defendants rely upon the doctrine laid down in Burks' Pl. & Pr., section 108. There it is said: "The summons should show on its face that the possession has not been withheld over three years, and should be issued and returnable in the county or corporation in which the land or some part thereof is."

It is true that the action is statutory, and that the burden is upon the plaintiff to show by a preponderance of the evidence that possession has not been withheld over three years, but there is no requirement in the statute that the summons should so allege.

The act of February 12, 1814, found in the Revised Code of 1819, page 455, is entitled: "An act to explain and amend an act, reducing into one the several acts concerning forcible entries and detainers." After set-

ting forth the form of the complaint which should be made by the plaintiff, the act prescribes the form of the warrant. So far as applicable, this form is as follows: "Whereas A. B. hath made complaint on oath (or affirmation), before me, a justice of the peace for said county * * * that C. D. hath unlawfully (or forcibly) turned him out of possession * * * of a certain tenement containing_____of land * *."

It is to be observed that the chief requisite of the warrant is that the plaintiff has been unlawfully or forcibly turned out of possession of a certain tenement. No allegation is contained in the warrant that the possession has not been withheld over three years.

The act of 1814 remained unchanged until the Code was revised in 1849. Code 1849, chapter 134. In the revisors' notes to this provision of the Code we read: "The section as we have drawn it gets rid of long, tedious and minute forms of complaint, which serve no purpose but to raise questions of form, which embarrass rather than facilitate the determination of the right, while they occupy a good deal of unnecessary space." The revisors' report also points out that the main difference in the two acts is to prescribe one form for the summons, whether the entry was forcible or unlawful, or whether the entry was lawful and peaceable.

In *Olinger* v. *Shepherd*, 12 Gratt. (53 Va.) 462, Judge Moncure, construing the act, said: "The only difference between the act of February 12, 1814, 1 Rev. Code of 1849 * * * seems to be in the mode and form of proceeding. Each provides a summary remedy for the same wrong, to-wit, a forcible or unlawful entry, or an unlawful detainer. The same evidence which was necessary to sustain the remedy under the old law is necessary to sustain it under the new; except

in this, that under the new law the complaint is general, of an unlawful withholding from the plaintiff the premises in question; and may be sustained by evidence of such lawful withholding, whether the possession was acquired by the defendant forcibly, unlawfully, or lawfully and peaceably; whereas, under the old law, the complaint was several, of a forcible, or an unlawful entry, or an unlawful detainer; and the subsequent proceedings and the evidence conformed to the nature of the particular complaint. In all cases, however, whether under the old law or the new, to sustain the complaint it is necessary for the jury in effect to find that at the date of the complaint the defendant unlawfully withheld the possession from the plaintiff, and that he did not so withhold it for three years before."

Mr. Minor, in his Institutes, Vol. 4, Pt. 1, page 531, gives a form of memorandum for the "Writ of Forcible Entry, etc." It is as follows:

"C. C. v. D. D., writ of summons to answer complaint that defendant is in possession, and unlawfully withholds from the plaintiff, a house and lot in the town of C. known as lot No. — in the plan of said town (or a tract or parcel of land, etc., describing it)."

In Barton's Law Practice (2nd ed.), page 1172, it is said: "The plaintiff *must prove* that his right of action commenced within three years from the time that he sued out his summons, * * *." (Italics added.) In *Pettit* v. *Cowherd*, 83 Va. 20, 1 S. E. 392, and in *Van Gunden* v. *Kane*, 88 Va. 591, 14 S. E. 334, the printed records show that the form used in those cases is identical with the form followed in the instant case.

It is to be observed that the writ is issued by the clerk of the court or the magistrate. In the year 1887 Frederick Johnston, for many years clerk of the court

of Roanoke county, published a book for the guidance of the clerks of the courts of Virginia. From our experience as trial judge we venture the assertion that this book has been more often resorted to by the clerks of the courts than any other form book. The form adopted by Mr. Johnston is as follows:

"We command you that you summon A. B. to appear before the judge of our court of B. county, at the court house, on the first day of the next term (this must be at least five days after the date of the summons), to answer the complaint of C. D., that the said C. D. is in possession and unlawfully withholds from the said A. B., a certain (follow the memorandum for full description of the property). And have then there this writ. Witness: C. P., Clerk, etc."

In the preface to this book is a letter of commenda-. tion from John R. Johnston, who acted as clerk to the revisors of the Code of 1887. Immediately following the letter of Mr. Johnston is the following endorsement: "I concur fully in the foregoing recommendations of Capt. Johnston. Waller R. Staples."

Mr. Conway Robinson, in his book, "Robinson's Forms," is in line with the text-writers cited.

While we have been unable to find a decision by this court dealing with this precise question, we think the language employed by Judge Buchanan in *Barnes' Case*, 92 Va. 807, 23 S. E. 788, is applicable to the instant case. There it is said: "We think it may be safely said that any practice so salutary and wise * * * and which had been uniformly pursued for a great length of time, ought to be regarded as showing what the law is on the subject."

■ In addition to what has been said, it is perfectly apparent from reading the bill of particulars that the defendants were apprised of the fact that the plaintiffs

relied upon item four of the bill which set forth that the plaintiffs contended the action was instituted within the three year period. By requiring the plaintiffs to amend, the court virtually sustained the demurrer to the summons and it was not error to refuse to permit it to be filed. However that may be, we are of opinion that it was not necessary to amend the summons to make it valid. There is no merit in this assignment of error.

■ It is also contended that the court erred in refusing to give instruction number 9 asked for by the defendants. Under the provisions of section 6346 of the Code, which provides that "a petition for a writ of error shall assign error," we are precluded from passing upon this contention, as the alleged assignment of error does not meet the requirements laid down in *Orr* v. *Pennington*, 93 Va. 268, 24 S. E. 928. In that case it is held that a petition for appeal is in the nature of a pleading and should set forth clearly and specifically the errors relied upon, and unless it does so, the appeal should be dismissed.

■ The last assignment of error relied upon is that the court erred in refusing to set aside the verdict because it was contrary to the evidence. The evidence upon the two questions, viz, whether the plaintiffs were entitled to the possession of the property, and whether the same had been withheld for over three years, was conflicting. The jury have settled the conflict in favor of the plaintiffs, which under our decisions is conclusive of the matter.

The judgment of the trial court must be affirmed.

*Affirmed.*