## Richmond

HORACE JOHNSON v. JACK GOLDBERG.

November 28, 1966.

Record No. 6331.

Present, All the Justices.

*William Davis Butts* for the plaintiff in error.

No brief or argument for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

Jack Goldberg, plaintiff, instituted this proceeding of unlawful detainer on January 6, 1965 against Horace Johnson, in the Civil Court of Newport News, to recover the possession of premises described as No. 1610 Ivy Avenue, in said city. Virginia Code, 1950,

§ 8-789. On February 4, 1965, judgment was rendered in said Civil Court in favor of Goldberg. Johnson appealed from the judgment to the Hustings Court of the said city. Virginia Code, 1950, § 8-794.

Goldberg filed in the Hustings Court a bill of particulars, setting out that he had purchased the property at a trustees' sale on November 19, 1964, and had received a deed therefor from the surviving trustee; that he had given a written notice to the defendant advising the latter that he, Goldberg, desired "immediate possession of the property, and that unless legal possession was obtained, legal action would be taken to evict him therefrom;" and that Johnson had refused to surrender possession.

Johnson filed on June 7, 1965, a plea of non-joinder, in which he alleged that "Goldberg, the plaintiff, is one of a number of tenants in common, and has failed to join in this cause other tenants in common, namely:" (eight named persons) "the heirs-at-law of Cora E. Johnson, deceased."

Granted leave to file a "late answer," Johnson, on June 9, 1965, filed the answer. He denied that he was a tenant of plaintiff, that he had received "proper notice" to vacate the premises, or that he unlawfully detained the same. He alleged that he occupied the premises "as a tenant of other tenants in common."

The case came on to be heard on June 11, 1965. A jury was waived, and all matters of law and fact were submitted to the court. Argument was first heard on the plea of non-joinder. The court asked to be shown the deed which Johnson gave to the trustees "to see whether he mentioned these [Cora E. Johnson, deceased, and her heirs-at-law] people."

The deed was produced. It recited that: "James Johnson, divorced, and Horace Johnson, single," conveyed the property involved, described by lot and block number, with general warranty, to two trustees to secure a debt of the grantors. The property was further described as being "the same property conveyed unto the grantors herein from Lillian Johnson, *et al.*" After reading the deed of trust, the judge observed: "This man [Johnson] has given these people a general warranty of title. He has not said anything about anybody else in the deed and I think he is taking an inconsistent position. He hasn't said anything about these other heirs." No evidence was offered in support of the plea of non-joinder. The court overruled the plea, and Johnson noted an exception.

The court then proceeded to hear the evidence, which comes to

us in a certified statement. Goldberg testified that he had purchased the property at a trustee's foreclosure sale, and produced a certified copy of the deed from the surviving trustee, dated November 19, 1964. He further said he "had not been able to have any conversation with defendant, Horace Johnson, because when he went there Johnson would not let him in the house;" and that he desired possession but that Johnson would not vacate the premises. He then rested his case.

Defendant moved to strike the evidence on the ground that it was not sufficient to show that he was unlawfully detaining the premises, or that the plaintiff had given him a five-day written notice to vacate.

During argument on the motion, counsel for Goldberg said that defendant had been given such notice and asked the court to permit Goldberg to retake the stand for the purpose of showing that it had been given. Defendant's objection thereto was overruled, and defendant excepted.

Goldberg then testified that he had delivered to the daughter of the defendant, approximately 20 years of age, on the premises involved, a written notice to Johnson to vacate the premises, but had not kept a copy. During further argument on the motion to strike, Goldberg contended that Johnson was a trespasser, or a tenant by sufferance; hence no notice was required. The case was then continued to June 16, 1965, to enable counsel to furnish briefs on the question whether notice was required or given.

When the hearing was resumed on June 16, 1965, Goldberg, over the objection of the defendant, was permitted to again testify that he had given a written notice to the daughter of Horace Johnson on the premises. Defendant noted an exception.

No evidence whatever was offered by Johnson in contradiction of the testimony of Goldberg, and no request was made by him that the court allow defendant to present any evidence. There is nothing to show that he had any such evidence, or, if he had it, what it was.

After considering the evidence presented by Goldberg, and the briefs of counsel, the court found, as a matter of fact, that Johnson had received sufficient notice to vacate, and that, under the law, he was a tenant by sufferance. On July 6, 1965, judgment was entered that plaintiff recover the possession of the premises.

Defendant moved to set aside the judgment and grant a new trial on the sole ground that it was "contrary to the law and the evidence." The court overruled the motion, defendant excepted, and we granted this writ of error.

The record comes to us in skeleton form. It is skimpy, inadequate, and deficient in a number of particulars.

■ As we have heretofore stated, there is nothing in the record to sustain the plea of non-joinder. There is no evidence to show who Cora E. Johnson was, what interest, if any, she had in the property, or what was the respective interest, if any, of her heirs-at-law.

■ It is conceded that in Virginia, the re-opening of a case to permit a witness to testify is in the discretion of the trial judge. Nothing is pointed out by Johnson to show that the judge abused his discretion in this instance.

There is no merit in the assignment of error that defendant was denied due process of law because the court entered judgment without giving him an opportunity to be heard. The record of the proceedings above stated denies the validity of this contention. It is clear that Johnson relied on his claim that no notice to vacate had been given to him. That was a question of fact heard upon evidence taken *ore tenus*. When the court ruled that, as a matter of fact, notice had been given Johnson, and that moreover, he was a tenant by sufferance, his counsel apparently realized that he had no further defense. The failure of defendant to present, or offer to present any evidence implies that he was willing for the court to decide the case upon the pleadings and evidence already presented.

It is settled in Virginia that if the defendant holds the land not adversely, but under the plaintiff, a notice to quit, or a demand of possession, must be shown before an action of unlawful detainer can be maintained. But where, as here, the defendant, in his answer, denies that he is a tenant of the plaintiff, he holds the land adversely, and is not entitled to a notice to vacate. *Emerick, etc.* v. *Tavener*, 9 Gratt. (50 Va.) 220, 236; *Creigh's Heirs* v. *Henson*, 10 Gratt. (51 Va.) 231, 232, 233; *Marbury* v. *Jones*, 112 Va. 389, 396, 71 S. E. 1124; 11 Mich. Jur., Landlord and Tenant, § 5, page 638; 8 Mich. Jur., Forcible Entry and Detainer, § 7, page 537.

Cf. also *Pettit* v. *Cowherd*, 83 Va. 20, 1 S. E. 392; *Williamson* v. *Paxton*, 18 Gratt. (59 Va.) 475.

In conclusion, we find that the defendant has failed to show error on the part of the trial court. The judgment against him will, therefore, be affirmed.

*Affirmed.*