## CIRCUIT COURT OF FAIRFAX COUNTY

Equitable Variable Life Ins. Co.

v.

Advanced Corporate Services, Inc.

November 15, 1993

Case No. (Law) 119743

BY JUDGE RICHARD J. JAMBORSKY

This matter comes before the Court on appeal from the Fairfax County General District Court's denial of Defendant's Motion to Dismiss Plaintiff's Action for Unlawful Detainer. After thoughtful consideration of the legal arguments and relevant facts in this case, the Court affirms the decision of the General District Court. This appeal presents a question of apparent first impression in Virginia: whether a general district court has jurisdiction, in an unlawful detainer action seeking damages in excess of $10,000, in which service of process was effected after the defendant had relinquished possession of the property.

The relevant facts presented in the case are uncomplicated. On October 1, 1992, plaintiff filed a summons for unlawful detainer with the Fairfax County General District Court. The action seeks possession of the leased premises at 9990 Lee Highway, Suite 300, Fairfax, Virginia, and in excess of $90,000 of accrued rent and damages. Defendant vacated the disputed premises prior to effective personal service of the summons. On October 7, 1992, the Fairfax County Sheriff's office unsuccessfully attempted to serve the defendant with process at the premises, noting on the summons "out of business — no employees to serve on — property being moved per movers." Subsequently, service was obtained by serving the Virginia State Corporation Commission on October 26, 1992.

Defendant asserts that relinquishing possession of the premises effectively changed an unlawful detainer action to one based strictly in

contract. Therefore, defendant contends the Court should dismiss the unlawful detainer action for lack of jurisdiction. The Court is urged to adopt a rule which divests general district courts of subject matter jurisdiction over cases, whose amount in controversy exceeds $10,000, when a defendant relinquishes possession prior to personal service. The net legal effect of such a rule would constrain plaintiffs to refiling their actions in the circuit court as breach of contract actions and enable defendants to avoid the statutory security requirement for removal. *See* Va. Code Ann. § 8.01–127.[1] Finally, defendant argues that the removal statute requiring "a bond equivalent to the amount of damages claimed by the plaintiff" is unfair because the cause is no longer for unlawful detainer but for breach of contract. (Hearing Memorandum of Appellant Advanced Corporate Services, p. 10.)

In Virginia, the amount in controversy limit on the jurisdiction of a general district court is inapplicable to unlawful detainer actions for "any claim for damages sustained or rent proved to be owing where the premises were used by the occupant primarily for business, commercial, or agricultural purposes." Va. Code Ann § 16.1–77(3).[2] Further, pursuant to §§ 16.1–92 and 8.01–127 of the Code of Virginia, a defendant may remove an unlawful detainer action to the circuit court. Va. Code Ann. §§ 16.1–92, 8.01–127. The security requirement of § 8.01–127 is specifically applicable to cases "in which an action *has commenced or a summons has been issued* pursuant to § 8.01–126." Va. Code Ann. § 8.01–127 (emphasis added). That language does not suggest that because a defendant vacates the premises after the action has commenced or a summons issued, but prior to personal service, that the proper procedural remedy is dismissal rather than removal.

---

[1] Section 8.01–127 states: "in any case where the amount in controversy exceeds the sum of $500, in which an action has been commenced or a summons has been issued pursuant to § 8.01–126, in or returnable to a general district court, removal of the action to the circuit court shall be conditional upon the tenant giving security for all rent which has accrued and may accrue upon the premises, but for not more than one year's rent in all, whether it accrues before or accrues after the removal, and also for all damages that have accrued or may accrue from an unlawful use and occupation of the premises." Va. Code Ann. § 8.01–127.

[2] *See also* Hearing Memorandum of Appellant Advanced Corporate Services, p. 9 (conceding that "under amended Va. Code Ann. § 16.1–77(3), commercial landlords can bring one action for possession and damages, irrespective of the amount").

The law of Virginia dictates that if possession was not obtained adversely, prior to bringing an unlawful detainer action, a landlord must give notice to quit or a demand for possession of the premises or payment of the past-due rent. *See Johnson v. Goldberg*, 207 Va. 487, 490 (1966). Plaintiff states that "the jurisdiction of the Court is truly based on whether the tenant pays or vacates within the five-day period," and it is a "tenant's failure to comply with the notice which lays the jurisdictional groundwork for the landlord to proceed . . . not the status of the parties at some time after the lawsuit is filed." (Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Action for Unlawful Detainer, p. 4.) To interpret the statutory scheme otherwise would permit defendants in unlawful detainer actions to ignore presentment of notice and vacate the premises when personal service was expected, and in effect, extend the time for a tenant to comply.

In the instant case, the fact that the defendant was not personally served until after the premises were vacated does not defeat jurisdiction. The action was commenced on October 1, 1992, and a summons was issued on October 5, 1992. The Court concludes that the general district court properly retains jurisdiction because the premises were not vacated prior to issuance of summons or commencement of action. The proper remedy for this defendant was to seek removal to circuit court by giving security required by statute. Accordingly, the decision of the trial court is affirmed.