Syllabus.

## Staunton.

JACKSON AND OTHERS V. COUNTS, COMMITTEE;
COUNTS, COMMITTEE, V. JACKSON AND OTHERS;
JACKSON AND OTHERS V. ANDERSON, COMMITTEE;
ANDERSON, COMMITTEE, V. JACKSON AND OTHERS.

September 20, 1906.

1. INSANE PERSONS—*Suit by Next Friend—Committee Irregularly Appointed—Case at Bar.*—According to the procedure in this jurisdiction suits may be commenced and prosecuted by the next friend of an infant or other person who, on account of some legal disability, is unable to look after his own interests, without previous appointment or formal order of admission. In such case the admission and approval by the court of the person acting as next friend is implied unless expressly disallowed. The courts are disposed to regard convenience and substance rather than form in mere matters of procedure; and it appearing in this instance that the interests of the real plaintiffs, who, by reason of mental incapacity, are unable to protect themselves, have been fairly and diligently represented by persons irregularly appointed as committees, and that the rights of the defendants have in no respects been prejudiced by the irregularity complained of, their objection was rightly overruled by the trial court.

2. INSANE PERSONS—*Conveyance—Rescission—Subsequent Bona-fide Purchaser.*—Where a person of such a degree of mental weakness that his conveyance is voidable, though not void, conveys land to a grantee with notice of the grantor's infirmity, such conveyance may be set aside at the suit of the grantor by his next friend; but if before the conveyance is so set aside the grantee conveys an interest in the land to a subsequent *bona-fide* purchaser for value without notice of the defect in his grantor's title, such subsequent purchaser acquires a good title, even as against the original vendor.

3. INSANE PERSONS—*Conveyance—Rescission—Reimbursement of Grantee—Case at Bar.*—Ordinarily upon the setting aside of a conveyance on the ground that the grantor was mentally incompetent,

where the grantee knew of the grantor's disability and over-
reached him, he is not entitled to reimbursement or indemnity
on account of the price paid; but the rule is otherwise where
he dealt fairly with the grantor, without knowledge of his
misfortune. In such case the purchaser must usually be placed
in *statu quo*. These rules, however, are not inflexible, and are
largely influenced by the facts in the particular case. In the case
in judgment the grantees are not entitled to reimbursement,
since it appears that they fraudulently procured their deeds with
full knowledge of the mental condition of their grantors; and,
furthermore, it is not shown what part of the consideration, if
any, was paid to the grantors.

Appeal from a decree of the Circuit Court of Dickenson
county. Decree in favor of the complainants as to some of the
defendants, and in favor of the other defendants. Appeal by
both parties from the decree so far as unfavorable to them re-
spectively.

*Affirmed.*

The opinion states the case.

*Burns & Burns,* for M. L. Jackson and others.

*S. H. Sutherland, A. A. Skeen* and *Columbus Phipps,* for
N. T. Counts, committee.

*Roland E. Chase* and *J. H. Fulton,* for Johnson, Briggs and
Pitts.

WHITTLE, J., delivered the opinion of the Court.

The essential facts out of which this controversy arose are as
follows: Hazy Anderson and Chrissy Anderson, who are un-
married women about fifty years of age, each inherited from
her father seventy acres of land lying on the waters of Russell
Fork of Sandy River, in Dickenson county, Virginia. In the
years 1898 and 1899 these sisters conveyed their respective
tracts of land to C. W. Jackson and M. L. Jackson, who, on

January 18, 1902, sold and conveyed the underlying coal to Johnson, Briggs and Pitts, of the city of Richmond, Va. On April 15, 1902, an order was made by the county court of Dickenson county, appointing N. T. Counts committee of Hazy Anderson and C. D. Anderson committee of Crissy Anderson; and in May, 1903, the committee instituted these suits in equity in the Circuit Court of that county against the original grantees and their alienees to set aside the deeds to the lands in controversy and to the coal, on the ground that the grantors at the date of the conveyances were, and had been all their lives, idiots, and were wholly incapable of making valid disposition of their property.

By amended bills the plaintiffs charge that the original vendees, in collusion with a brother-in-law of their vendors, took advantage of the vendors' imbecility, and fraudulently procured the execution of the deeds.

At the trial, upon the issues and evidence, the Circuit Court set aside the deeds to the original purchasers, but sustained the conveyance of the coal to the subsequent purchasers. The court also granted leave to the plaintiffs to file amended and supplemental bills to hold the original purchasers liable for the value of the coal; and subsequently passed a decree against them for its estimated value as ascertained by one of its commissioners in chancery. To these several decree appeals were allowed the original purchasers, and cross-appeals were taken by the plaintiffs to so much of the decrees of January 26, 1905, as upheld the conveyance of the coal.

The first assignment of error on the main appeals questions the validity of the appointment of the committees for Hazy Anderson and Chrissy Anderson, the contention being that they had not been previously adjudged *non compos mentis,* and were not notified of the application for the appointment of committees.

We do not feel called on to discuss the various questions raised upon this assignment, for, in our view, if the invalidity of the

appointment of Counts and Anderson as committees were conceded, it would in no way affect their right to prosecute these suits.   The court would simply treat them as next friends of the persons under disability whom they have undertaken to represent, and permit the suits to proceed.

"Suits on behalf of a lunatic are usually instituted in the name of the lunatic, but as he is a person incapable in law of taking any step on his own account, he sues by the committee of his estate, if any, or if none, by his next friend." I Dan. Chy. Pr. 83.

"Persons of full age, but who are incapable of acting for themselves, though neither idiots nor lunatics, have been permitted to sue by their next friend  . . .  *"Id.* 86. *Bird's Committee* v. *Bird,* 21 Gratt. 712; *Cole's Committee* v. *Cole,* 28 Gratt. 365; *Hinton* v. *Bland,* 81 Va. 591.

In 14 Encl. Pl. & Pr. 997, "a next friend" is defined to be "one who, though not regularly appointed guardian, represents in a suit a party thereto who is not *sui juris."*

In *Simpson* v. *Alexander*, 6 Coldw. (Tenn.) 619, it was held: "Although the practice of allowing an infant to sue by his guardian, describing him as such, has prevailed in this State, still he is in all respects the next friend of the infant.   He is charged with all the duties and liabilities, subject to the same restraints, and bears the same relation to the infant and the suit as though he had been described as the next friend of the infant.   .   .   .   He is, in the conduct of the suit, subject to the control of the court; and if he fails to do his duty, or if any other sufficient ground be brought to the knowledge of the court, as, if he have an interest in the subject-matter of the litigation antagonistic to the interests of the infant, the court not only has the power, but it is its duty, to remove him and appoint another who may be more faithful or not subjected to a similar temptation."

So, in *Bull* v. *Dagenhard,* 55 Miss. 602, the proceedings were upheld where a guardian, who had not obtained appointment at

the time of commencing the action, prosecuted the same on behalf of infants, and died before judgment. His successor was admitted, and the declaration amended so as to make it appear that the infants were suing by their guardian and next friend.

The person for whose benefit the suit is prosecuted is the real plaintiff. *Richmond, etc., Ry. Co.* v. *Bowles,* 92 Va. 738, 24 S. E. 388.

According to the procedure in this jurisdiction, and, it is said, in a majority of the states of the union, suits may be commenced and prosecuted by the next friend of an infant, or other person who, on account of some legal disability, is unable to look after his own interests, without previous appointment or formal order of admission. In such case the admission and approval of the person acting as next friend by the court is implied unless expressly disallowed.

The authorities illustrate the disposition of courts to regard convenience and substance rather than form in mere matters of procedure; and it appearing in this instance that the interests of the real plaintiffs, who, by reason of mental incapacity, are unable to protect themselves, have been fairly and diligently represented by persons irregularly appointed as committees, and that the rights of the defendants have in no respect been prejudiced by the irregularity complained of, their objection was rightly overruled by the trial court.

The remaining assignments of error involve the opposing propositions: (1) That the grantors possessed sufficient capacity to execute the deeds to the land in controversy; and (2) that they were idiots and wholly incapable of conveying their property, which status, it is insisted, renders void the titles both of the original and subsequent purchasers, although the latter may have had no notice of the infirmities which avoided the titles of their immediate grantors.

The Circuit Court was of opinion that the vendors fell in that class of imbeciles whose deeds are not absolutely void, but voidable only; and decreed that the deeds were invalid as to

the original purchasers; but valid and binding so far as the con-veyance of the coal to subsequent purchasers is concerned.

Without undertaking to review the evidence, it is sufficient to say that it conclusively sustains the decision of the Circuit Court in both aspects of the case.

But it is finally insisted that if this court should adopt the foregoing view, it was, nevertheless, error in the Circuit Court to set aside the deeds to the original purchasers without requir-ing the plaintiffs to return the purchase price.

There are several answers to that contention. In the first place the evidence justifies the conclusion that these purchasers were guilty of actual fraud in the procurement of the deeds; and, secondly, it is not shown what part of the consideration, if any, was paid to the grantors. It does clearly appear that for many years the grantees resided in the immediate vicinity of these women, and were fully apprised of their mental condition; yet, despite the fact of that knowledge and that they had been specially advised against entering into these transactions, they deliberately chose to take chances. It also appears that while the deed from Hazy Anderson recites a consideration of $500, and the deed from Chrissy Anderson a consideration of $325, in point of fact the chief consideration in each instance con-sisted of work-cattle, as to the value of which no witness speaks. It further appears that the whole of this property was delivered to the brothers-in-law of these unfortunate women, and that after the conveyance of their lands they were left in a state of destitution.

The general doctrine seems well settled that where the grantee knows that the person with whom he is dealing is laboring under mental disability and overreaches him, he is not entitled to reimbursement or indemnity on account of the price paid. But the rule is otherwise where he deals fairly with the person under disability, without knowledge of his misfortune, in which case the purchaser must usually be placed *in statu quo.* The above rule, however, is not inflexible, and is largely influenced

by the facts of the particular case.  20 Cyc. 638; *Henderson* v. *Hunton,* 26 Gratt. 926, 933, 934; *Hazelwood* v. *Forrer,* 94 Va. 703, 709, 27 S. E. 507; *Hinchman* v. *Ballard,* 7 W. Va. 152; *Gribben* v. *Maxwell,* 34 Kan. 8, 7 Pac. 584, 55 Am. Rep. 233; *Crawford* v. *Scovell,* 94 Pa. St. 48, 39 Am. Rep. 766; *Jackson* v. *King,* 15 Am. Dec. 367; *Blount* v. *Spratt,* 113 Mo. 48, 20 S. W. 967; *Wells* v. *Asso.* 126 Mo. 630, 29 S. W. 607; *Rhodes* v. *Fuller,* 139 Mo. 179, 40 S. W. 760; *McKinzie* v. *Donnell,* (Mo.), 52 S. W. 214, 222.

Upon the whole case, we are of opinion that the decision of the Circuit Court is plainly right, and it is affirmed.

*Affirmed.*