# Wytheville.

## W. H. NEWMAN ET ALS. v. A. H. LIGHT, TRUSTEE ET ALS.

June 13, 1929.

The opinion states the case.

*S. V. Kemp* and *Barksdale & Abbot*, for the appellants.

*Morison, Robertson, Rouse & Flannagan*, for the appellees.

CAMPBELL, J., delivered the opinion of the court.

This suit was instituted by the appellants, in the Circuit Court of Campbell county, for the purpose of annulling a decree entered in the suit of Mary L. Mann, guardian, against Charles G. Mann and Mary K. Mann, infants, and W. H. Newman, Pierce C. Newman and Robert C. Newman.

The material facts are: In the year 1919, Charles W. Mann departed this life intestate, seized and possessed of a tract of land containing 108 acres upon which was situated a very valuable mill. He left two children, Charles Gordon Mann and Mary K. Mann, both infants, and a widow, Mary L. Mann. Mary L. Mann was duly appointed guardian of her infant children by the Circuit Court of Campbell county, and duly qualified as such guardian.

On November 20, 1919, W. H. Newman, P. C. Newman and R. C. Newman made a written offer of thirteen thousand dollars ($13,000) for the mill and 108 acres of land, and in January, 1920, Mary L. Mann, as guardian of her infant children, instituted a suit in the Circuit Court of Campbell county for the purpose of having the offer made by the Newmans accepted, alleging in her bill that the offer was the full value of the property and that it would be better to accept same than offer the property for sale at public outcry. It was the desire of Mary L. Mann, the widow, to have her dower commuted and a gross sum paid her in lieu thereof. With the bill is exhibited the written offer of the Newmans which is acknowledged. The Newmans were made parties defendant to the bill and answered the same under oath, and the deposition of W. H. Newman was taken in the suit. A decree of reference was entered and the commissioner to whom

reference was made on February 10, 1920, reported that the interest of the infants would be promoted by the acceptance of the offer made by the Newmans; that the dower of the widow should be commuted, and that if either of the infants were dead, their mother and the other of said infants would be the heirs or distributees. By decree entered at the March term, 1920, the sale to the Newmans was approved and confirmed, the dower interest was commuted, and a deed directed to be made to the purchasers.

Under the terms of the sale the Newmans paid $13,000.00 for the property, $500.00 of which was in cash, and the balance, $12,500.00 was secured by a deed of trust executed by the Newmans to A. H. Light, trustee, covering the 108 acres and the two other tracts owned by the Newmans in Campbell county, of 145 acres and twenty-five acres, respectively.

The mill property was kept insured for the benefit of the trust, and in May, 1924, the mill was destroyed by fire and Mrs. Mary L. Mann, guardian, collected out of the insurance on May 31, 1924, the sum of $2,819.00, and on July 26, 1924, the sum of $3,889.39. No other amounts were paid on the $12,500.00 note, except Mrs. Mann did collect the sum of $402.00 out of the insurance, which sum she had to pay to an attorney for representing her in the matter. Hence, there is now due under the deed of trust the sum of $12,500.00, with interest from March 15, 1920, subject to a credit of $2,819.00 as of May 31, 1924, and the sum of $3,589.39 as of July 26, 1924.

The proceedings of the original suit are fully set forth in the bill filed by the appellants in the instant suit. After making A. H. Light, trustee, and Mary L. Mann, in her own right and as guardian of Charles and Mary K. Mann, defendants, the prayer of the bill

is: That the deed from A. H. Light, commissioner, be declared void and the deed of trust from the Newmans to Light, trustee, having been executed by mistake, be declared void and the cloud which it constitutes upon the title of the property therein conveyed be removed therefrom; that an account be ordered to ascertain what balance, if any, is due and payable to any of the parties thereto; and for general relief.

To the bill the defendants filed an answer and also filed their cross-bill. In the cross-bill it is prayed that in the event the court should be of the opinion that the proceedings in the original chancery cause are not sufficient to vest in the Newmans the title to said 108 acres of land, that such further proceedings be had as may be necessary to vest in the Newmans the true title to said land. The cross-bill sets out all of the statutory requisites of a bill to sell the lands of infants, makes the Newmans parties defendants; prays that the statutory answers be filed by the infant defendant, and prays that if the original proceedings are defective, such proceedings be had as are necessary to vest in the Newmans the true title to the land. Along with the answer and cross-bill is filed a deed from Mary L. Mann and Charles G. Mann (who has become of age) to the Newmans. All proper and necessary answers were filed to the cross-bill and depositions were taken supporting the allegations in the answer and cross-bill.

Depositions taken in behalf of appellants show that at the date of the death of Charles W. Mann, and at the time of the institution of the original suit, he had a sister living. It was also shown that twenty years prior to the death of Charles W. Mann, a brother had disappeared, from whom nothing had since been heard.

It also appears from an inspection of the record in the original suit that the decree dismissing the same was

prematurely entered, as it is clearly shown that the funds derived from the sale of the mill property and going to the infants were not invested in the manner prescribed by law.

On February 29, 1928, the chancellor entered a decree holding:

(1) That all statutory proceedings governing the sale of infants' lands were had in the original suit, and that the appellants were vested with a good and legal title;

(2) "And it further appearing to the court that even if the statutory provisions governing the sale of lands belonging to infants were not complied with in said suit, that all the purchasers in said suit, namely, W. H. Newman, P. C. Newman and R. C. Newman, can demand is that their title to said land be perfected and quieted; that Mary L. Mann and Charles Gordon Mann have executed to the said Newmans a good and sufficient deed to said 108 acres of land, and that in the cross-bill filed herein by Mary L. Mann, as guardian of Charles Gordon Mann and Mary K. Mann, all statutory provisions governing the sale of lands belonging to infants have been complied with; that all proper parties are now before the court, and that from the evidence independently of the admissions in the answers or otherwise, the sale of the 108 acres of land to the Newmans made in the original proceedings is to the advantage of the infants, and the right of no person will be violated by a confirmation of said sale, it is, therefore, further adjudged, ordered and decreed that the proceedings heretofore had in the original suit and the deed executed therein by A. H. Light, special commissioner, as aforesaid, to W. H. Newman, P. C. Newman and R. C. Newman, and the deed of trust executed by said Newmans to A. H. Light, trustee, be, and the same are hereby approved and confirmed in

each and every particular; and that the said Newmans hold said 108 acres of land free from all claims and demands of any person whatsoever."

It is assigned as error that the chancellor erred in holding that it was proper to commute the dower of Mrs. Mary L. Mann. This question was not raised in the lower court and therefore cannot be raised for the first time in this court. This assignment is without merit.

It is also assigned as error that the chancellor erred in holding the deed from Light, trustee, to the appellants, valid, in view of the fact that the sister and brother of Charles W. Mann were not made parties defendant to the original suit.

At the time of the institution of the original suit, section 2356 of the Code of 1887 was in effect. This section reads as follows: "If an infant die without issue, having title to real estate derived by gift, devise, or descent, from one of his parents, the whole of it shall descend and pass to his kindred on the side of that parent from whom it was so derived, if any such kindred be living at the death of the infant. If there be none such, then it shall descend and pass to his kindred on the side of the other parent."

Section 2616, Code of 1887, which relates to the sale of infants' lands, provides, among other things, that the infant shall be made a party defendant to the suit, and also "all those who would be his heirs or distributees if he were dead."

We shall first consider the question whether or not the sister and brother of Charles W. Mann should have been made parties to the original suit.

In *Rhea* v. *Shields*, 103 Va. 309, 49 S. E. 77, it is said: "The doctrine in this State is well settled that courts of equity possess no inherent power, as guardians of infants, to sell their real estate for the purpose of

re-investment." Possessing no inherent power to sell the land of an infant, courts of equity are limited by the powers expressly granted by the statute.

In *Brenham* v. *Smith*, 120 Va. 33, 90 S. E. 658, it is said: "It seems to be settled law, that when a new jurisdiction is created by statute and the mode of acquiring and exercising that jurisdiction by the court upon which it is conferred is prescribed by statute, a substantial compliance therewith, at least, is essential, otherwise the proceedings will be a nullity." See *Coleman* v. *Va. Stave Co.*, 112 Va. 70, 70 S. E. 545; *Parker* v. *Stephenson*, 127 Va. 439, 104 S. E. 39; *Watkins* v. *Ford*, 123 Va. 268, 96 S. E. 193; *Farant Invest. Corp.* v. *Francis*, 138 Va. 417, 122 S. E. 141; *Gee* v. *McCormick*, 142 Va. 173, 128 S. E. 541.

In the revision of the Code of 1919, section 5335 (section 2616, Code of 1887) has been somewhat changed in phraseology, but in no sense has the meaning been changed.

In *Parker* v. *Stephenson*, *supra*, Judge Burks, in construing section 2616, said: "Under our decisions, some of which are hereinbefore reviewed, the presence of the necessary parties required by section 2616, Code 1904 (section 5335, Code 1919), in a suit of this nature is jurisdictional, and a decree rendered in their absence is void as to infants whose interests are affected thereby."

Mr. Lile, in his 1919 edition of Equity Pleading and Practice, at page 159, says: "It not infrequently happens that several infants are interested in the same property, and having the same guardian or trustee, a single suit is brought in behalf of all. When such infants are brothers and sisters, whose parents are dead and who would, therefore, be heirs and distributees of each other, question arises whether the terms of

the statute are complied with by making the infants sole defendants, or whether it is necessary also to make parties defendant those who would be the heirs or distributees of all the infants if all were dead. Since one purpose of the statute in requiring the presence of the prospective heirs or distributees is that the infant parties may have the benefit of the oversight and protection of the former, and to prevent unfair advantage being taken, either of the real owners, the infants, or of the possible and contingent owners, the heirs and distributees, it is at least advisable in the absence of judicial sanction for the contrary practice, to make parties defendant all those who would be heirs or distributees of all of the infant owners if all were dead. The statute plainly contemplates two classes of defendants: (1) The infant or infants interested in the first degree, as the real parties in interest, and (2) those interested in the second degree, as prospective heirs and distributees. The statute uses the term 'infant' in the singular number—'all of those who would be his heirs, etc., if he were dead;' but it seems to contemplate this application to a plurality of infants as well—'all those who would be their heirs, etc., if they were dead.' "

Mr. Lile further, in a foot note on the page mentioned, says: "Since the infant is incapable of making a will of realty before majority, and the insane person is wholly *incapax testandi*, the prospective heirs and distributees have a special (if not anxious) interest in maintaining the integrity of the estate. It is eminently proper, therefore, for the safeguarding of their own interests, as well as those of the infant or insane person, that these kindred should be made parties and given opportunity to be heard."

In *Gee* v. *McCormick, supra*, which was a suit

brought to set aside the sale of infants' lands derived by inheritance from their father, it plainly appeared that at the time of the institution of the suit there was living a brother of the father. It thus appearing from the proceedings that the brother of the deceased ancestor would be the heir of the infants if they were dead, it was held that he was a necessary party to the original suit and a decree rendered in his absence was void as to the infants, the court saying: "The reason for the requirement of the statute that the heirs of the infants be made parties is two-fold: First, the presumed affection of such heirs for the infants; and second, their personal contingent interest in the land sought to be sold. It is a natural conclusion that those who may become the owners of the land or its proceeds will see that the same is not sacrificed by a guardian who is recreant to the trust imposed upon him."

■ We are of opinion that in order to effectuate the title of a purchaser at a judicial sale of infants' lands, it must appear from the proceedings that the statute authorizing the sale has been substantially complied with. The question, however, as to who would be the heirs of an infant if he were dead is one of fact.

■ Courts are warranted in assuming that the allegations contained in the pleadings are true, and are authorized to act thereon, unless their falsity is made to appear by proof, or otherwise.

The bill in the original suit alleged: "If the said infants were dead, the following persons would be their heirs or distributees, namely, the other of said infants and the said Mary L. Mann, their mother, as the family is composed of the mother and two children."

Nowhere does it appear in the original record that Charles W. Mann died leaving next of kin. The

chancellor, by a reference to a commissioner, made an earnest effort to ascertain who would be the heirs of the infants if they were dead. The commissioner reported that "if said infants, or either of them, were dead, their mother, * * * and the other of said infants, would be their heirs at law or distributees." If it were true that Charles W. Mann had died without next of kin, and the mother of the infants had no next of kin who might be the heirs of the infants in the event of her death, this conclusion of the commissioner, under the provisions of section 2556, Code 1887, would be correct.

While we are of opinion that the decree pronounced in the original suit was void, we are also of opinion that the suit was prematurely dismissed. Whether or not the same can now be reinstated it is unnecessary to decide.

The bill in the instant suit was filed for the two-fold purpose of declaring the deed from Light, commissioner, void, and to remove a cloud now resting upon the title of appellants. It is an elementary principle of law that he who comes into a court of equity must come with clean hands. The proof in this case demonstrates that to relieve appellants of their offer to purchase the land of the infants would cause a loss to the infant appellees of between four and five thousand dollars, due to the fact that land values have decreased in recent years. That this is true is due to no fault of appellees. Infants are favorites of a court of equity, and their rights will be protected whenever it is possible to afford protection.

When appellants instituted their suit to annul the decree entered in the original suit, and made the original suit an exhibit in the instant suit, they incurred the risk of appellees filing a cross-bill seeking the en-

forcement of their offer to purchase the lands of the infants. The filing of the cross-bill was in the nature of an original bill filed for the purpose of selling infants' lands. The offer of appellants to purchase is relied on in the answer to the bill of complaint and the acceptance thereof reiterated in the cross-bill.

Due to the fact that Charles G. Mann and Mary L. Mann were infants, they were incapable of entering into a valid contract with the appellants. However, when suit was instituted by their duly appointed guardian, for the purpose of consummating a sale to the appellants, and appellants were made parties defendant thereto and filed their joint and separate answers under oath, confirming their offer to purchase the lands, the offer of purchase became a contract between the proposed purchasers and the court. All that the appellants can require is that they receive a good and valid title to the land conveyed—not by the infants, but by the court. It appearing in the instant suit, for the first time, that the title is defective, the court has the same right which any other vendor has to correct the defect, if such defect can be cured in a reasonable time. That the defect in the title of appellants can be cured is apparent. All that is necessary to be done is to make parties defendant to the cross-bill all those who would be heirs of the infants if they were dead, and proceed further with the case as if it were an original suit.

The case will be reversed and remanded, with directions to the lower court to implead all proper parties in the pending suit. It is further ordered that appellants recover their costs in this behalf expended.

*Reversed and remanded.*