# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Federal National
Mortgage Association

v.

Stephanie P. Harbin

March 20, 2012

Case No. CL11-4336

By Judge Leslie L. Lilley

This summons for unlawful detainer came before the Court on February 15, 2012, on an appeal from the General District Court. The Court took this matter under advisement, and Counsel submitted summaries of authorities as requested by the Court.

There are two issues to be addressed by the court: (1) whether the plaintiff has proven the statutory elements of Virginia Code § 8.01-124 *et seq.* and (2) whether the Notice to Vacate provides a basis to sustain Defendant's motion to strike?

## I. *Facts*

Plaintiff, successful bidder and purchaser at foreclosure, filed an unlawful detainer action seeking to have Defendant relinquish possession of the property. Defendant, in her Answer to Bill of Particulars, averred that the purported foreclosure was void or, alternatively, voidable, along with the trustee's deed. Further, Defendant alleges that she has the right to occupy the residence and that the home belongs to her. In the hearing before the Court, the parties relied solely upon the pleadings and legal argument. Plaintiff submitted two exhibits into evidence.

Exhibit one is a Deed of Foreclosure listing Plaintiff as the successful bidder and purchaser of the property located at 5001 Ashforth Court, Virginia Beach, Virginia 23462, pursuant to a foreclosure auction conducted

on January 20, 2011. The Deed of Foreclosure recites that default occurred and that the Deed of Trust provided upon default that the Trustee shall sell the said property at public auction.

Plaintiff's exhibit two is the Notice to Vacate mailed to Defendant at the property address. Defendant admits in her Answer to Bill of Particulars that she received the Notice to Vacate.

The Notice to vacate was mailed to the Defendant on February 8, 2011, giving Defendant five days to vacate. The summons on unlawful detainer was not issued until February 17th, and the Affidavit was subscribed and sworn to by the Plaintiff on February 14th. Defendant alleges that the notice to vacate could not have reached Defendant before February 9th and, thus, the Summons/Affidavit did not permit the five days notice which Defendant alleges was required as a result of the issuance of notice.

## II. *Discussion and Findings*

### A. *Proof of Unlawful Detainer*

Unlawful detainer actions are governed by Virginia Code § 8.01-124 *et seq*. In this case, the unlawful detainer summons was filed in the General District Court according to the procedures provided in Virginia Code § 8.01-126. These provisions set the standard for judgment in an unlawful detainer case: "[i]f it appears . . . that [possession] was unlawfully detained from [plaintiff], the verdict or judgment shall be for the plaintiff for the premises, or such part thereof as may be found to have been so held or detained." (Va. Code § 8.01-128.) Lawful possession of property is the only issue to be determined in a claim for unlawful detainer. *Cherokee Corp. of Linden, Inc. v. Capital Skiing Corp.*, 222 Bankr. 281 (Bankr. E.D. Va. 1998), aff'd, 191 F.3d 447 (4th Cir. 1999).

Plaintiff's exhibit one, the Deed of Foreclosure, is *prima facie* evidence (see Code of Virginia § 8.01-389) that Plaintiff is entitled to possession of the land in controversy. Additionally, based on a fair reading of the pleadings, Defendant admitted that she maintained possession over the property. Generally, an admission of fact in a pleading is conclusive on the party making it. *See Newman v. Light*, 152 Va. 760, 770, 148 S.E. 818 (1929); *Clark v. Clark*, 70 W. Va. 428, 74 S.E. 234 (1912). In Defendant's Answer to Bill of Particulars, she averred that the home belongs to her and stated that she is the rightful owner of the premises. The Defendant admits in paragraph 3 of the Answer to Bill of Particulars that the Notice to Vacate was mailed to her at 5001 Ashforth Court, Virginia Beach, VA 23462, which is the property at issue, and that she received the notice. These allegations read together make it clear to the Court that Defendant was in possession of the property. Based on the foregoing, the Court finds sufficient evidence to conclude that the Defendant unlawfully detained the premises.

## B. *Notice to Vacate*

A purchaser at a foreclosure auction need not give any notice to vacate to the prior owner of the property. *Johnson v. Goldberg*, 207 Va. 487, 151 S.E.2d 368 (1966). Defendant argues that, since the Plaintiff gave notice, such notice must comply with the statutory provisions for notice and that notice here is insufficient. Notably, Defendant cites no authority for this argument.

The Court finds that notice was not required[1] under the facts presented and that providing notice did not trigger additional duties upon the Plaintiff in the absence of prejudice to the Defendant. As no prejudice is cited or alleged, the Court finds that the alleged irregularities in the Notice to Vacate, if taken for true, provide no basis upon which to sustain Defendant's motion to strike.

### III. *Conclusion*

The Court overrules the Defendant's motions to strike and awards possession of the subject property to Federal National Mortgage Association pursuant to Virginia Code § 8.01-126 *et seq*.

---

[1] Under the facts of this matter, Defendant does not possess the property under the Plaintiff (i.e., as in a landlord-tenant relationship), and no allegation of rent due is presented. *See* § 55-225.