# Wytheville.

Reynolds v. Necessary.

June. 25th, 1891.

. Absent, *Hinton,* J.

1. Specific Performance—*Parol contract—Part performance*—Specific performance is not matter of right, but will be granted where the parol agreement is mutual, certain, and definite, and the acts relied on are done in pursuance of the agreement, and where it has been so far executed that refusal of full execution will operate a fraud and will place the party in a situation not lying in compensation.
2. Idem—*Case at bar.*—R. orally agreed to sell her land to N. for a certain price, he to take up two notes for payment whereof she was being pressed, and to pay balance at stated times. N. purchased the notes, delivered one to her, offered to perform the other conditions, and took possession and cut logs off of the land. R. refused further to execute her contract—

Held :

Specific performance should be decreed against her.

Appeal from decree of circuit court of Scott county, rendered March 28th, 1889, in a suit wherein the appellant, Nancy Reynolds, was complainant and the appellee, Joel F. Necessary, was defendant. Opinion states the case.

*J. H. Wood,* for appellant.

*A. L. Pridemore* and *J. B. Richmond,* for appellee.

Lacy, J., delivered the opinion of the court.

The bill was filed by the appellant against the appellee to enjoin and restrain him, his agents, &c., from cutting timber from the land of the plaintiff in the bill mentioned, and praying the appointment of a receiver to take charge of such logs as had been already cut. The injunction was granted pursuant to the prayer of the bill.

The defendant answered. He admitted that the plaintiff had purchased the land from H. J. Carter and wife, as shown by the deed filed with the bill, and supposed it to be true that the purchase-money had been paid, except $167, as stated by complainant; and the defendant, in his answer, set up a parol purchase of the land by him from the plaintiff, and payment to her of one of the notes due on the land *instanter*, and, at her request, the payment of the other notes due on the land by her to John Fickle, the then owner of the note for $87.58, and that on the day of the said purchase the possession of the land was delivered to him, and that he had held the possession of it ever since; that the defendant agreed to meet the plaintiff at Ira P. Robinett's to pay to her the said note of $87.58, and execute his notes for the deferred payments, according to their agreement; that the plaintiff, after making the sale and receiving a part of the purchase-money, and placing the defendant in possession of the land, refused to accept the note for $87.58 after he had, at her request, purchased it, and sought to rescind the agreement, but he claimed under the said contract, and sought to have the agreement performed by the decree of the court.

On the 28th day of March, 1889, the court rendered its decree upon the pleadings and the deposition of witnesses taken in the cause, and the court being of opinion that the plaintiff sold to the defendant and agreed for the defendant to have possession, in pursuance of the said agreement that the defendant took possession of the tract of land in the bill mentioned at the price of $1,000, and the defendant, in pursuance of his contract, paid to the plaintiff in hand her own note for $80,

and procured and tendered to her the John Fickle note for $87.58; and, in further pursuance of said contract, tendered, at the time agreed upon, the cash payment provided for by said contract, thus performing the contract on his part as far as he could, and that, while so performing the said contract, the defendant cut and removed a large lot of logs from the said land.

The court was, therefore, of opinion that it would now be inequitable to rescind the same, dissolved the injunction, and decreed specific performance of the contract, and directed the defendant to deposit the purchase-money with the clerk, and the plaintiff to file with the clerk a good and sufficient deed, and thereupon to be paid the money by the clerk. The plaintiff thereupon applied for and obtained an appeal to this court.

The evidence in the case shows that the plaintiff, Nancy C. Reynolds, was the owner of the land in dispute, and owed two notes—one for $80 and another for $87.58—which were liens upon the said land; that on the 14th day of January, 1887, she was pressed to pay the first-named note by a man named Wells, who held it by assignment; that, in default of the money to pay this note, a negotiation was commenced between them for the sale of enough timber on the land to pay this note and the other also; that the plaintiff expressed her unwillingness to sell off her timber, if it could be prevented, as that would render the land unsalable, and she desired to sell the land upon which she did not reside.

Wells informed the defendant, Joel F. Necessary, that the plaintiff was disposed to sell the land, and suggested to him to buy it, and together they sought the plaintiff, and the defendant offered to buy the land. The plaintiff fixed the price at $1,000, and the defendant agreed to buy at that price if the terms could be agreed upon. After a good deal of talk on the subject, the defendant offered to take up the two notes above-mentioned without delay, and to pay her $100 when Owen Franklin came back from his stock sale, and $100 more when

the defendant sold his logs, and $632.42 in twelve months from date, possession of the land to be given at once. To this she agreed, and the defendant then and there obtained the $80 and delivered it to the plaintiff, and the parties separated, agreeing to meet the next Monday at Ira P. Robinett's, a relation of the plaintiff, selected by her to draw the several papers required in full execution of their agreement. The defendant attended at the time and place named, and purchased and brought with him the $87.58 note, above mentioned. But the plaintiff absented herself, and did not appear as she had agreed to do.

The defendant, however, procured the services of the said Robinett, and had all the papers required written, and sought for and found the plaintiff, and offered them to her, together with the note for $87.58; but the plaintiff, having been made to believe that she could get more for the land, and having possession of the $80 note which had been pressing upon her, refused to comply with her bargain, and refused to give up the note, relying on the fact that no writing had been signed by her, and believing that the parol sale of the land was not binding on her.

The object of the bill, as we have said, was to restrain and enjoin a trespass, and to prevent irreparable injury to the property of the plaintiff.

The answer set up a parol agreement for the sale of the land, delivery of possession, and part performance by the purchaser, and sought specific performance of this contract; and while, according to the strict rules of pleading, this relief should have been sought by a cross-bill filed for that purpose by the defendant, the answer of the defendant may be so treated for that purpose.

Courts of equity treat such contracts, when there has been part performance, as valid and as effectual as those evidenced by the most solemn instrument in writing.

In order to prevent the possibility of fraud, however, in

engrafting this exception upon the statute of frauds, it is settled that the parol agreement relied on must be certain and definite in its terms; the acts proved in part performance must refer to, result from, or be done in pursuance of the agreement; and the agreement must have been so far executed that a refusal of full execution will operate as a fraud upon the party, and place him in a situation which does not lie in compensation. Opinion of Staples, J., in *Floyd* v. *Harding*, 28 Gratt. 406, citing *Wright* v. *Puckett*, 22 Gratt. 370; Leading Cases in Equity, 2d Vol. 1052.

The learned judge says, further, when these circumstances concur, it is as much a matter of course for the equity courts to decree a specific execution as for the common law courts to award damages for the breach of a written contract.

The purchaser is regarded as the real beneficial owner of the estate, and the vendor as the mere trustee of the legal title for his benefit.

Whatever loss may fall on the estate is the loss of the purchaser. Whatever advantage may accrue to it is his gain. This doctrine is now too firmly established ever to be changed by anything short of a legislative enactment. It is to every intent a law of property, as much so as if the exception had been engrafted in the statute of frauds. Upon the faith of its existence purchases of valuable estates have been made and held throughout this commonwealth. There can be no grounds of controversy upon these points.

It may be further affirmed that the title thus vesting in the purchaser under a valid parol contract is good against all the world, except subsequent purchasers of the legal title for valuable consideration without notice.

That the equitable estate of the purchaser is good against creditors of the vendor is incontrovertible. *Hicks* v. *Riddick*, 28 Gratt, 418.

Specific performance cannot be considered as a matter of right, however, in either party. It does not proceed *ex debito*

*justitiæ*, but as a matter of sound and reasonable discretion, which governs itself by general rules and principles, but withholds or grants relief, according to the circumstances of each particular case when these general rules and principles will not furnish any exact measure of justice between the parties. All applications to the court to decree specific performance must depend upon the circumstances of each case, governed by the established principles of the court. The contract must be clear and distinct—it must be mutual. If specific performance would work injustice, a party will be left to his action for damages. It is a general rule that the party seeking specific performance should not have been backward. As equity is never bound to give this relief, so it never will, unless the justice of the case, as drawn from all the facts, demands it.  3 Par. on Contracts, 416; 2 Min. Inst. 808, 809; *St. John* v. *Benedict*, 6 John. Ch. R.; 2 Lom. Dig. 72, 100; *Ford* v. *Euker*, 86 Va. Rep. 76.

In this case the plaintiff, being in trouble about a lien on her land, which was very urgent, made her contract to sell to the defendant on terms stated and clearly proved, and, indeed, evasively, but substantially, admitted by her; received a part of the purchase price, and obtained relief against her pressing necessity; delivered possession of the land, and being thus relieved of this debt, and also another which, though not large, was more than she could pay without selling her land or the wood on it, and having gained this advantage, recanted and refused to do more, held the note, and sought to regain possession of the land also.

To have upheld her in this pretention would have been to enable her to defraud the defendant, and the circuit court properly decreed that her contract be specifically performed; and we perceive no error in the said decree, and are of opinion to affirm the same.


DECREE AFFIRMED.