# Richmond

## Allen W. Staples and T. D. Taylor, Trustees v. Mozelt E. Somers, et al.

November 22, 1954.

Record No. 4280.

Present, Eggleston, Spratley, Buchanan, Miller, Smith and Whittle, JJ.

The opinion states the case.

*Woodrum, Staples & Gregory*, for the appellants.

*William Goode*, for the appellees.

EGGLESTON, J., delivered the opinion of the court.

This appeal involves the single issue whether Allen W. Staples and T. D. Taylor, trustees under a deed of trust, who sold certain real and personal property as authorized by a decree entered in an equity suit, are entitled to the commissions fixed by the terms of the deed of trust, or those fixed by Code, § 8-669, as amended by Acts of 1950, ch. 279, p. 459. From a decree fixing the commissions according to the statute cited, the trustees have appealed.

The factual background and lower court proceedings may be stated thus: On January 27, 1952, James F. Somers, a resident of Clifton Forge, died intestate, leaving surviving his widow, Mozelt E. Somers, and three sons, James J. Somers, W. F. Somers and R. J. Somers. Mozelt E. Somers and James J. Somers qualified as personal representatives of the decedent's estate.

At the time of his death decedent owned and was operating the "Hotel Jefferson" in Clifton Forge. The hotel land, buildings, furniture and fixtures were subject to the lien of a deed of trust dated March 28, 1951, executed by James F. Somers and wife to Allen W. Staples and T. D. Taylor, trustees, to secure an indebtedness of $75,000, with interest, held by City Developing Corporation of Roanoke. The deed of trust recited that it was "made in accordance with, and under the provisions of section 5167 of the Code of Virginia, as amended by chapter 324 of the Acts of the General Assembly of Virginia of 1926." That statute provided that in the event of a foreclosure sale the trustee should "discharge the expenses of executing the trust, including a commission to the trustee of five per centum of the gross proceeds of sale."[1]

---

[1] As further amended, but without change in the language quoted, section 5167 of the Code of 1919 is now section 55-59 of the Code of 1950.

Shortly after the death of James F. Somers the Circuit Court for the city of Clifton Forge, on the joint petition of the personal representatives, entered an *ex parte* order allowing them to carry on and operate the hotel business. Soon thereafter there was dissension between the personal representatives in the conduct of the hotel business and on the petition of James J. Somers he alone was authorized to operate the hotel and Mozelt E. Somers was enjoined from interfering with such operation. Mozelt E. Somers, the widow, filed a bill of complaint against the personal representatives and the heirs seeking to have dower assigned to her. James J. Somers, one of the personal representatives, and the heirs filed an answer and cross-bill, praying among other things that the estate be liquidated, the property sold, the debts paid, etc. Thereafter the suit proceeded upon the assumption that its purpose was to settle the estate of the decedent.

On December 6, 1952, there was a decree of reference with directions for the ascertainment of the assets of the estate, the debts of the decedent, "with the priorities among them, the names of the persons to whom they are due," the "dower interest" of the widow, whether the real estate could be "conveniently partitioned in kind among the persons entitled thereto," etc. In the meantime neither the trustees under the deed of trust nor the lien holder had been made parties to the cause, or knew of the pending litigation.

In February or March, 1953, in anticipation of the maturity of an installment of $5,000 on the deed of trust indebtedness and interest due on March 28, James J. Somers and W. F. Somers called upon the officers of the City Developing Corporation and Allen W. Staples and T. D. Taylor, trustees in the deed of trust, and advised them that the personal representatives did not have sufficient funds to pay the installment and interest, and that a sale of the property would be necessary; that a suit had been brought to settle the estate, but because of the "delaying tactics" of the widow, Mozelt E. Somers, a prompt sale could not be had in the pending proceeding, and that a foreclosure sale under

the deed of trust would be preferable. As a result of this conference the installment due on March 28 and interest were not paid, and the holder of the debt called upon the trustees to foreclose the deed of trust. Pursuant to this request, and in accordance with the terms of the deed of trust, the trustees advertised the property for sale on May 1.

In addition to the published advertisement the trustees, who had learned the names of the parties from their recent conference with the Somers brothers, notified counsel for the widow and the heirs of the proposed sale. Counsel for the widow wrote Staples, one of the trustees, that although nothing which had happened subsequent to the execution of the deed of trust could impair the rights of the parties thereto, "it has been our practice in cases of this kind to apply to the court for leave to sell the property under the terms of the deed of trust, which leave is usually granted as a matter of course." As an added reason why leave of court to make the sale should be obtained, the letter said that a question had "arisen as to the validity of the deed of trust" in so far as it covered certain of the personal property in the hotel. It was suggested that Staples attend a hearing before the court, scheduled for April 11, when these matters could be determined.

The trustees and the officers of the City Developing Corporation appeared at the hearing and the proposed sale was discussed by counsel for the respective parties before the court. It was agreed that the advertisement for the sale on May 1 would be withdrawn and a decree entered in the pending chancery cause authorizing the trustees to sell the property. It developed at the conference that there might be objection to the allowance to the trustees of commissions at the rate of five per cent on the gross proceeds of the sale, as provided in the deed of trust, and a decision of that matter was reserved.

At the direction of the court Staples prepared a decree for the sale of the property upon the terms agreed on, and this was entered. The decree recited that, "This day came the City Developing Corporation, the holder of the debt;

by counsel, and came also Allen W. Staples and T. D. Taylor, trustees in a certain deed of trust from J. F. Somers and Mozelt E. Somers, his wife, to the aforesaid trustees, dated the 28th day of March, 1951, * * * which deed of trust covers the real estate located in the city of Clifton Forge, Virginia, known as the Hotel Jefferson, and also all of the hotel furniture, fixtures and equipment located in said hotel * * * , which property is a part of the estate of J. F. Somers, deceased, which estate is the subject matter of this suit, and the aforesaid trustees represented to the court that the debt secured by said deed of trust is now in default, and they have been requested by the holder of the debt to foreclose the deed of trust and advertise said property for sale pursuant to the terms of the deed of trust." It adjudged that the "debt holder" was entitled to a foreclosure, and the trustees were "authorized to proceed to advertise and sell all of the real estate and personal property described in said deed of trust in accordance with the terms thereof subject to the following conditions:"

(1) Advertisement of the sale was to be published in a specified manner.

(2) The real and personal properties were to be offered for sale as a whole and the proceeds, if any, remaining after the satisfaction of the debt secured by the deed of trust, were to be "apportioned for the purposes of distribution among the heirs, the widow, and creditors of the estate of J. F. Somers" in a specified manner.

(3) Any interested party was to have the right to contest the validity of the lien of the deed of trust on certain personal property acquired by decedent subsequent to the execution of the deed of trust.

(4) "Leave is hereby reserved to any interested party to except to the allowance of the trustees' commission of 5% provided for in said deed of trust, and no ruling on the allowance of said commission is at this time made."

(5) "Said trustees are directed to pay any excess remaining after satisfaction of the debt secured by the deed of trust and proper expenses and commissions of foreclosure

to the clerk of this court to be administered as assets of the estate of J. F. Somers in the manner hereafter to be determined."

There was no provision in the decree requiring the trustees to execute a bond before proceeding with the sale, nor was there any provision that they report to the court the results of the sale, or that the sale should be subject to confirmation.

Pursuant to the terms of the decree the property was advertised and sold by the trustees to James J. Somers on June 13, 1953, for $97,500. No report of the sale was made to the court by the trustees, nor was there any decree confirming the sale or passing upon the adequacy of the bid submitted. The trustees accepted the bid of the purchaser, collected the purchase price, and executed and delivered a deed of conveyance. The deed is in the usual form of a conveyance by trustees at a foreclosure sale and contains no reference to the court proceedings or the decree authorizing the sale.

In a memorandum opinion the lower court held that the lien holder and trustees were "before the court as parties," that the sale was in substance a judicial sale, and that the allowance of commissions was governed by Code, § 8-669, as amended, that is, five per cent on the first $10,000 of the proceeds of sale and two per cent on the remainder, rather than by the provisions of the deed of trust which, by reference to the statute, fixed the amount of the commissions at five per cent on the gross proceeds of the sale. Pursuant to this holding a decree was entered directing the distribution of the proceeds of sale.

Upon their petition the trustees were granted a rehearing, at the conclusion of which the trial court announced that it adhered to its former decision as to the amount of commissions to which they were entitled, and from a decree to this effect the present appeal has been taken.

Little need be said of the trustees' contention that they were not properly made parties to the cause and for that reason the court was without jurisdiction to adjudicate

and determine the amount of their commissions. They desired, sought and obtained the permission of the court to sell the property under the deed of trust, postponing for a later time the determination of certain controverted issues. Since the trustees were not parties to the pending cause, they should have filed an intervening petition asking leave of the court to be made parties and asserting their right to sell the property under the terms of the deed of trust. Equity Practice and Procedure, Rule 2:15. But they elected to proceed informally by motion and the decree authorizing the sale in effect made them parties to the cause, as plainly appears from its recitals. Having proceeded in this manner and accomplished the desired relief, they are estopped now to assert that they should have proceeded otherwise and that the court was without jurisdiction to enter the decree they asked for.

We are of opinion that the trial court erred in decreeing that the amount of commissions or compensation to which the trustees are entitled is controlled by Code, § 8-669, as amended. We think that the trustees are entitled to the commissions fixed by the terms of the deed of trust, which is the solemn contract the decedent made with them.

Code, § 8-669, as amended by Acts of 1950, ch. 279, p. 459, reads thus: *"Commissions for selling, collecting, etc.—* For the services of commissioners or officers under any decree or order for a sale, including the collection and paying over the proceeds, there shall be allowed a commission of five per centum on amounts up to and including ten thousand dollars, and two per centum on all above that and if the sale be made by one commissioner or officer and the proceeds collected by another, the court under whose decree or order they acted shall apportion the commission between them as may be just."

This section is found in chapter 30 of the Code dealing with judicial sales, and the crux of the present case is whether this is a judicial sale or a sale under the terms of the deed of trust.

As is said in Lile's Equity Pleading and Practice, 3d Ed., § 278, p. 160, "Properly speaking a *judicial sale* is a sale made on behalf of a court of competent jurisdiction, through an authorized agent, usually a master or commissioner, and inchoate until confirmed by the court." Among the usual incidents of a judicial sale is a decree fixing the terms of sale, appointing one or more commissioners to make such sale, and requiring the commissioner or commissioners to give a bond with approved security. Code, §§ 8-655, 8-658.

In the case before us the decree did not fix the terms of the sale except by reference to the terms of the deed of trust, no commissioner or officer was appointed to sell, but the trustees as such were authorized to do so, and no bond was required of them. Under the terms of the decree the "*trustees* are authorized to proceed to advertise and sell all of the real estate and personal property described in said deed of trust *in accordance with the terms thereof.*" (Emphasis added.)

A judicial sale is inchoate until confirmed by a decree of the court. Lile's Equity Pleading and Practice, 3d Ed., § 278, p. 160. "It is the decree of confirmation that gives a sale the character of a judicial sale." Barton's Chancery Practice, 3d Ed., Vol. 1, p. 866. See also, *Payne* v. *Payne,* 179 Va. 562, 569, 19 S. E. (2d) 690, 693, and authorities there cited. In the course of a judicial sale, after a bid for property has been received, the commissioner or commissioners file a written report thereof with his or their recommendation that the bid be accepted and the sale confirmed, or that it be rejected and the sale not confirmed. Upon the entry of a decree of confirmation the transaction becomes a completed contract of sale. Lile's Equity Pleading and Practice, 3d Ed., § 283, pp. 164, 165. The decree of confirmation directs the commissioner or commissioners to collect the purchase price and to execute and deliver a deed to the purchaser.

In the case before us, as has been said, the decree contains no provision requiring a report of the sale by the trustees, no such report was made, nor was there any decree of con-

firmation.   In accordance with the terms of the deed of trust the trustees sold the property to the highest bidder, collected the purchase price, and executed and delivered a deed of conveyance.   Thus, the sale was a completed transaction without a decree of confirmation.   It was a sale by the trustees with the permission or sanction of the court which reserved no power to approve the sale or reject it for inadequacy of price, terms, or otherwise.   All of these matters were left to the risk and judgment of the trustees, as provided in the deed of trust.   For such services in the administration of the trust it was agreed in the deed that the trustees should be paid the commissions therein specified.   The terms of that agreement must prevail here.

This case is readily distinguishable from *Schmelz Bros., Bankers* v. *Quinn,* 134 Va. 78, 113 S. E. 845, relied on by the appellees.   There the court undertook by its decree to administer the trust created by the deed.   It directed that the lands covered by the lien of the deed of trust be sold by the trustees named in the deed " 'and as commissioners of this court in this cause.' "   The trustees were required to give bond and " 'make report of their proceedings had hereunder to this court.' "   They made the sale and as " 'trustees and special commissioners' " reported to the court which " 'ratified and confirmed' " it by appropriate decree.   We held that that was a judicial sale and that the trial court committed no error in fixing the compensation of the " 'trustees and commissioners' " in accordance with section 6279 of the Code of 1919 (now section 8-669 of the Code of 1950).   To the same effect see *Dermott* v. *Carter,* 151 Va. 81, 144 S. E. 602.

For these reasons the decree appealed from is reversed and the cause remanded for the entry of a proper decree in conformity with this opinion.

*Reversed and remanded.*