454

## CIRCUIT COURT OF NELSON COUNTY

W. Thomas Berry

v.

James H. Snow,
executor, et al.

March 16, 1999

Case No. (Chancery) 125CH97000117-00

BY JUDGE J. MICHAEL GAMBLE

First, as I ruled from the bench, I find that title to the Dexter H. Snow real estate never vested in James H. Snow, individually and as the devisee under Dexter Snow's Last Will and Testament. Prior to the death of Dexter H. Snow, James H. Snow was granted a Power of Attorney from Dexter H. Snow. Pursuant to such Power of Attorney, James H. Snow contracted to convey 15.993 acres of the Dexter Snow real estate to Michael W. Cox. Also pursuant to such Power of Attorney, James H. Snow contracted to convey 465 acres of the Dexter Snow real estate to John L. Patteson, Jr., Trustee of the Edgewood Land Trust. Subsequent to the execution of these contracts, Dexter H. Snow died. His Last Will and Testament was probated in the Clerk's Office of the Nelson County Circuit Court on May 29, 1996. The will of Dexter H. Snow specifically devised his real estate to James H. Snow. It also named James H. Snow as the Executor.

Subsequent to the death of Dexter H. Snow and prior to the conveyance of the real estate to the purchasers, judgment creditors of James H. Snow filed judgment liens in the Clerk's Office of the Circuit Court of Nelson County. Specifically, Richard L. Beard filed a judgment lien in the principal sum of $4,000.00 on March 7, 1996; Julianna Frosch filed a judgment lien in the sum

of $4,900.00 on April 23, 1996; and David W. Martin filed a judgment lien in the principal amount of $1,521.00 on June 6, 1996.

On June 28, 1996, James H. Snow, as the Executor of the Estate of Dexter H. Snow, executed the respective deeds conveying the real estate to the Edgewood Land Trust and Michael W. Cox. The judgment liens cited above were not paid out of the proceeds.

The net proceeds received by W. Thomas Berry were $45,082.01. After W. Thomas Berry received these proceeds, Julianna Frosch served a *fieri facias* on him pursuant to her judgment. Additionally, the Division of Child Support Enforcement served a levy on Mr. Berry. Subsequently, W. Thomas Berry filed the instant interpleader action and paid the $45,082.01 to the Clerk of the Court to be held pending the disposition of this matter.

The initial issue is whether the real estate of Dexter H. Snow, or the proceeds received from the sale thereof, became vested to James H. Snow so that the liens of the judgment creditors attached. In this regard, I find that neither the real estate or the proceeds received from the sale thereof were property of James H. Snow. Thus, none of the judgment liens or executions or levies issued pursuant to those liens attached to the real estate owned by Dexter H. Snow or the proceeds therefrom.

In Virginia, a purchaser is regarded as the real beneficial owner of the real estate. The purchaser of real estate is the owner from the date of the contract and the equitable estate of a purchaser is good against the creditors of the vendor. *Hicks v. Riddick*, 69 Va. (28 Gratt.) 418, 420 (1877), and *Reynolds v. Necessary*, 88 Va. 125, 129, 13 S.E. 348 (1891).

Because equitable title passed to the purchasers at the time that the contracts were executed, there was no estate for James H. Snow to receive through the will of Dexter H. Snow. The beneficial owner of the real estate under Virginia law is the purchaser, not James H. Snow. Further, there was no real estate of James H. Snow for the judgment liens to attach, and the proceeds from the sale of the Dexter H. Snow real estate could not be subjected to the execution and levy issued by the creditors of James H. Snow.

Even if it should be construed that James H. Snow held title to this property for a period of time after the death of Dexter H. Snow, the conveyance of this real estate by the executor divested these liens from the real estate. In *Yamada v. McLeod*, 243 Va. 426, 431, 416 S.E.2d 222 (1992), the Supreme Court of Virginia held that the sale of real property by the executor of the estate divested the beneficiaries of any interest in the property. In *Yamada*, the executor sold the real estate pursuant to "the naked power of sale under a will." The court held that the deed took away or dispossessed the devisees of whatever vested rights they had in the real estate. 243 Va. at 431.

Section 64.1-181 of the Code of Virginia specifically provides that the real estate of a decedent may be utilized to satisfy the debts of the estate if the personalty is exhausted. In the instant case, it is established that there is no personalty to pay the debts which are owed to the United States and to the Virginia Department of Taxation. Accordingly, the executor properly sold the real estate so that these obligations of the estate could be paid.

Additionally, § 64.1-148 of the Code of Virginia grants to a fiduciary the authority to complete the conveyance of real estate pursuant to a contract that was entered into prior to the death of the decedent. In the instant case, James H. Snow, the executor, was executing the contracts by effecting the conveyance subsequent to the death of Dexter H. Snow. The conveyance of the real estate by James H. Snow, pursuant to § 64.1-181 or § 64.1-148, constitutes a divesture of any interest of the devisee (James H. Snow), the same as a power sale under a will.

It should also be noted that the will of Dexter H. Snow, under Article 4, grants to the executor the power of sale of the real estate. Accordingly, even if title vested in James H. Snow, the executor divested this title by the sale of the real estate.

Based on the above, no liens attached to the $45,082.01 net proceeds from the sale of the real estate. These proceeds became property of the Estate of Dexter H. Snow. Accordingly, the distribution of these proceeds is governed by the provisions of § 64.1-157 of the Code of Virginia. The Executor, James H. Snow, failed to appear and present any evidence of any debts of the estate to be paid under categories 1 through 3. Accordingly, this Court finds that the United States of America has the highest priority under § 64.1-157(4). Thus, the first obligation to be paid out of the funds is the obligation to the United States of America.

Next in priority are debts and taxes due the Commonwealth of Virginia. While the Department of Taxation of the Commonwealth of Virginia has filed a claim in this proceeding, it did not appear at the hearing on March 12, 1999. The other claimants in this proceeding raised issues as to whether the amount sought by the Virginia Department of Taxation is accurate. The creditors of James H. Snow requested that the Court set a hearing to determine the amount owed to the Virginia Department of Taxation. There being no objection otherwise, the Court ruled that a hearing would be set to determine the amount owed to the Department of Taxation.

If the entire claim of the Department of Taxation is granted, then the balance of the proceeds will be exhausted and there will be no proceeds to the creditors of James H. Snow. If, however, there are any proceeds remaining, the Court must address the priority of the claims by the creditors of James H.

Snow to the proceeds which he receives through the will. Because the real estate did not vest in James H. Snow, the liens do not attach to his property. Even if they did attach to the property, the liens do not follow the proceeds of the sale; they follow the real estate. Thus, the judgment liens docketed in the Nelson County Clerk's Office have no effect on the priority of the payments. Julianna Frosch issued a *writ of fieri facias* which was served on W. Thomas Berry on June 1, 1996. This constituted a lien on the proceeds under §§ 8.01-478, 8.01-479 of the Code of Virginia. Accordingly, this would be a first lien on the proceeds after the satisfaction of the indebtedness to the Virginia Department of Taxation. Thereafter, by levy delivered to W. Thomas Berry on April 14, 1997, the Division of Child Support Enforcement also levied on the proceeds in the hands of W. Thomas Berry. This lien of the Division of Child Support Enforcement constitutes the second priority lien on these proceeds.

No other judgment creditor of James H. Snow issued a *writ of fieri facias* or levy on the proceeds. While it is unlikely that there will be any proceeds remaining after the payment of the Virginia Department of Taxation, Julianna Frosch, and the Division of Child Support Enforcement, any remaining proceeds should be divided among the remainder of the creditors of James H. Snow on a proportional basis that the individual creditor bears to all of the remaining creditors in this proceeding.

Dexter H. Snow died on May 10, 1996. There does not appear to be any other creditors or potential creditors of his estate. Even if there were, the tax liens asserted would have priority on any remaining proceeds. Thus, the Court sees no need to refer this matter to the Commissioner of Accounts for any proceedings, and final disbursements will be made in the context of this case.

I am setting this for hearing on the amount owed to the Department of Taxation of the Commonwealth of Virginia. I am scheduling this hearing for May 3, 1999, at 1:30 p.m. in the Circuit Court of Nelson County in Lovingston, Virginia. I request that the Department of Taxation appear to establish its claim. Any other party is welcome to participate.

The amounts due to Mr. Eubank, Mr. Berry, and the United States shall be disbursed upon execution of the Order. I am directing that the disbursement date for the United States of America be April 2, 1999, so that this amount may be fixed.