PRESENT: Carrico, C.J., Compton,[1] Lacy, Hassell, Keenan, and Koontz, JJ., and Stephenson, Senior Justice

TRUSTEES OF ZION BAPTIST CHURCH

OPINION BY
v.  Record No. 990405    SENIOR JUSTICE ROSCOE B. STEPHENSON, JR.
March 3, 2000

CONSERVATORS OF THE ESTATE
  OF WILLIE PEAY, ET AL.


FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
Oliver A. Pollard, Jr., Judge

The principal issue in this appeal is whether the trial court erred in refusing to set aside a judicial sale when the building on the subject property was destroyed by fire shortly after the entry of the decree confirming the sale.

I

On June 20, 1995, the trial court entered an order, pursuant to Code § 26-68, appointing Phyllis Jackson, Greta Mosley, and Lesse Wright co-conservators of the estate of Willie Peay.  The co-conservators are children of Willie Peay, who had not been seen or heard from since August 18, 1994.

On October 17, 1996, the trial court entered a decree appointing a special commissioner to sell various properties owned by Willie Peay in the City of Petersburg, including that located at 220 Halifax Street.  In accordance with the decree of

---

[1] Justice Compton participated in the hearing and decision of this case prior to the effective date of his retirement on February 2, 2000.

appointment, the special commissioner duly advertised the sale of the properties and solicited sealed bids.

Thereafter, Robert L. Bullock, Jr., submitted a bid in the amount of $92,600 for the property located at 220 Halifax Street. By the trial court's decree entered December 30, 1996, the special commissioner's report was confirmed, and Bullock's bid was approved and accepted. Bullock, however, failed to pay the purchase price, and, by decree entered July 10, 1997, the court ordered a resale of the property. The decree also provided that Bullock shall be personally liable for (a) all expenses otherwise chargeable to the estate of Willie Peay in connection with the resale of the property and (b) the difference between (i) the bid submitted by Bullock and (ii) the amount actually paid for the property as a result of the resale. The decree further provided that, if the amount paid as a result of the resale exceeded Bullock's bid and the costs of resale, Bullock shall be entitled to receive the excess amount paid.

Pursuant to the July 10, 1997 decree, the special commissioner again advertised the sale of the property, requesting sealed bids. Zion Baptist Church (the Church) submitted a bid of $110,100 for the property, and, by a decree entered September 9, 1997, the trial court confirmed the special commissioner's report and approved and accepted the Church's bid.

2

On September 10, 1997, before sunrise, a fire destroyed the building at 220 Halifax Street, and the Church submitted a new bid of $23,000 "for the land once it has been cleared."[2] The special commissioner submitted a report recommending that the court accept the bid because the bid "appears to be in the best interest of the Estate of Willie Peay." The trial court, however, declined to approve the report. Subsequently, the co-conservators petitioned the court to conduct a hearing to resolve the legal issues arising from the unfortunate circumstances surrounding the sale of the property.

Following a hearing, the court held that, "[w]hen the [Church's] bid was accepted by the Court on September 9, 1997, the Church became vested with full equitable title;" therefore, the Church must bear the loss occasioned by the fire and the cost of clearing the land.[3]

## II

The Church contends that the trial court erred when it failed to give notice to the Church of its intention to accept the Church's bid. The Church asserts that failure to give such

---

[2] A City Housing Code Official determined that the damaged structure was unsafe and requested its removal or repair. The structure was demolished and the debris was removed at a cost of $9,600.

[3] The trial court also held that the Church was entitled to a $44,500 credit against the purchase price for insurance proceeds that were to be paid into the court.

notice violated its procedural due process rights.  We do not agree.

As directed by the trial court, the special commissioner published a notice of sale which, in pertinent part, provided the following:

> Persons interested in purchasing [the property] should submit written, sealed bids to [the special commissioner] . . . . [The property] is being sold in "as is" condition. . . . Bids shall be subject to the approval of the Court, and the Court shall have the authority to accept or reject any or all bids.  The successful bidder shall be required to pay the entire purchase price bid . . . at time of settlement, which shall be made within thirty days following notification given by the Special Commissioner that such person is the successful bidder.

The notice of sale makes clear that the Church's bid was subject to the trial court's approval and that the court was authorized to accept or reject the bid.  The notice of sale also makes clear that the Church, if successful, would be notified by the special commissioner of the court's acceptance of its bid and would be required to proceed to settlement.  Nothing in the notice of sale suggests that the successful bidder would be given notice prior to the entry of a decree of confirmation. Thus, we hold that the Church had received all the notice due process required.[4]

---

[4] We reject the Church's argument that the court had no power to enter the decree "in vacation" without notice.  Code § 8.01-445 provides, in part, that "[t]he distinction of what a court may do in term as opposed to vacation is hereby abolished."

4

The Church further contends that the trial court erred in refusing to set aside the September 9, 1997 decree of confirmation after learning that the building on the subject property had been destroyed by fire. The Church asserts that, in refusing to set aside the decree, the Court abused its discretion.

In the course of a judicial sale, "[u]pon the entry of a decree of confirmation[,] the transaction becomes a completed contract of sale." Staples v. Somers, 196 Va. 581, 588, 84 S.E.2d 523, 527 (1954).

> Until the sale has been confirmed . . . the bidder is not considered as a purchaser, and he is therefore not liable for loss to the property, by fire or otherwise, . . . nor is he compellable before confirmation to complete his purchase. But as soon as the sale is absolutely confirmed, then the contract becomes complete; the bidder, by the acceptance of his bid, becomes a purchaser . . . and he may be compelled by the process of the court to comply with his contract.

Va. Fire & Marine Ins. Co. v. Cottrell, 85 Va. 857, 861, 9 S.E. 132, 133 (1889); accord Hurt v. Jones, 75 Va. 341, 347 (1881).

As a general rule, after a judicial sale has been confirmed by a court, the court will not set aside the decree of confirmation "except for fraud, mistake, surprise, or other cause for which equity would give relief, if the sale had been made by the parties in interest, instead of by the court." Berlin v. Melhorn, 75 Va. 639, 641 (1881). Additionally, from

the time of the execution of a valid contract of sale to the time a deed is executed and delivered, "[w]hatever loss may fall on the [property] is the loss of the purchaser [and] [w]hatever advantage may accrue to it is his gain."  This doctrine is firmly established and a law of property upon which "[t]here can be no grounds of controversy."  Reynolds v. Necessary, 88 Va. 125, 129, 13 S.E. 348, 350 (1891).

In the present case, the trial court gave careful consideration to the law and the evidence and, in the exercise of its discretion in the light of well-established law, concluded that it should not set aside its decree of confirmation.  Although the trial court noted that "arguably the result is distasteful," its decision is supported by the law, and we cannot say that the court abused its discretion in refusing to set aside its decree of confirmation.

Accordingly, the trial court's judgment will be affirmed.

Affirmed.